Adam S. Cashman, Esq. (SBN: 255063)
  cashman@braunhagey.com
BRAUNHAGEY & BORDEN LLP
747 Front Street, 4th Floor
San Francisco, CA 94111
Telephone: (415) 599-0210
Facsimile: (415) 276-1808

*Attorney for Petitioner Maplebear Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAPLEBEAR INC. d/b/a INSTACART,<br><br>Petitioner,<br><br>v.<br><br>AMAZON.COM, INC.,<br><br>Respondent. | Case No. 26-mc-80136<br><br>Rel. Case No. 2:21-cv-00898-RSL (W.D. Wash.)<br><br>**DECLARATION OF ADAM S. CASHMAN IN SUPPORT OF PETITIONER MAPLEBEAR INC.'S MOTION TO QUASH SUBPOENA AND FOR PROTECTIVE ORDER**<br><br> Date:<br> Time:<br> Location:<br> Judge: |

Case No. 26-mc-80136

DECLARATION OF ADAM S. CASHMAN ISO MOTION TO QUASH AND FOR PROTECTIVE ORDER

I, Adam S. Cashman, declare:

1. I am an attorney licensed to practice in the State of California, and I am a partner with the law firm BraunHagey & Borden LLP, counsel to Petitioner Maplebear Inc. d/b/a Instacart ("Instacart") in the above-captioned matter. I make this declaration based on personal knowledge and if called upon to testify, I could and would testify competently thereto.

2. I make this declaration in support of Petitioner Maplebear Inc.'s Motion to Quash Subpoena and for Protective Order filed on May 1, 2026.

3. On or about December 18, 2024, Amazon served a *subpoena duces tecum* on Instacart (the "Amazon Subpoena") in connection with the matter styled *Greenberg v. Amazon.com, Inc.*, No. 2:21-cv-00898-RSL (W.D. Wash.) ("*Greenberg*"). Attached as **Exhibit 1** is a true and correct copy of the Amazon Subpoena.

4. Attached as **Exhibit 2** is a true and correct copy of the operative Second Amended Complaint filed in *Greenberg*, Dkt. 66 (Sept. 20, 2024).

5. Attached as **Exhibit 3** is a true and correct copy of Amazon's December 18, 2024 letter that accompanied the Amazon Subpoena.

6. On January 17, 2025, Instacart timely served its written objections and responses to the Amazon Subpoena. Attached as **Exhibit 4** is a true and correct copy of Instacart's Objections and Responses to the Amazon Subpoena.

7. On January 27, 2025, Nick Valera, counsel for Amazon, emailed Instacart counsel to request a meet-and-confer on the Amazon Subpoena. Counsel for Instacart and Amazon then exchanged a series of emails throughout February and March 2025 regarding scheduling. Attached as **Exhibit 5** is a true and correct copy of the complete meet-and-confer email chain beginning on January 27, 2025, and continuing through April 28, 2026.

8. On March 18, 2025, counsel for Instacart and Amazon met and conferred to discuss Instacart's responses and objections to the Amazon Subpoena. As relevant to the instant Motion, Instacart explained that it operates a digital platform that allows customers to order products from nearby retailers for pickup and delivery, that retailers set their own pricing and inventory on the

DECLARATION OF ADAM S. CASHMAN ISO MOTION TO QUASH AND FOR PROTECTIVE ORDER

platform, and that Instacart is not a retailer or reseller of products.  Amazon confirmed that it was seeking direct pricing information regarding "Tier 1" products.

9.      Counsel for Instacart and Amazon continued discussing Amazon's demands in relation to the Amazon Subpoena over email until July 18, 2025. (*See* Ex. 5 at 12–21.)  Amazon then ceased communication with Instacart until November 12, 2025.

10.      On November 12, 2026, counsel for Amazon emailed counsel for Instacart to request a meet-and-confer regarding new demands set forth in a letter attached to that email, which was dated November 11, 2025.  (*See* Ex. 5 at 12.)  Attached as **Exhibit 6** is a true and correct copy of Amazon's November 11, 2025 letter as emailed to Instacart's counsel on November 12, 2025.

11.      After navigating trial schedules, Instacart and Amazon met and conferred on February 3, 2026, and February 24, 2026.  At those meetings and in subsequent email correspondence, Amazon confirmed that it was seeking transactional-level data for the price and availability of all consumer goods and food items sold by third parties on Instacart's platform between January 31, 2020, and October 20, 2022.  (*See* Ex. 5 at 5–6, 8–9.)  At the February 24, 2026 conference, Instacart and Amazon agreed to mutually follow up with certain information: Instacart agreed to provide reasonable detail regarding the process and burden required to extract, store, and produce the information Amazon requested, and Amazon agreed to provide a proposal for narrowing, and therefore lessening, the burden of its demands.  Instacart also confirmed that it does not maintain any policies related to price-gouging.

12.      On April 1, 2026, Instacart counsel emailed Amazon with an update from Instacart's engineering and data team that extracting and producing the information that Amazon requested would require an extraordinarily large and time-intensive custom engineering operation, including (i) a custom configuration of an extraction mechanism to pull 33 months of platform-wide transactions comprised of hundreds of millions of order; (ii) running the extraction mechanism in portions across an approximately 500-terabyte dataset; and (iii) converting the dataset into categories responsive to Amazon's request.  (*See* Ex. 5 at 2–3.)

13.      On April 2, 2026, Amazon emailed a letter response to Instacart's April 1, 2026 email.  Attached as **Exhibit 7** is a true and correct copy of Amazon's April 2, 2026 letter.

DECLARATION OF ADAM S. CASHMAN ISO MOTION TO QUASH AND FOR PROTECTIVE ORDER

14.     On April 15, 2026, Instacart responded to Amazon by email, also attaching a letter. Attached as **Exhibit 8** is a true and correct copy of Instacart's April 15, 2026 letter.

15.     On April 28, 2026, Amazon replied to Instacart by email, attaching a letter. Attached as **Exhibit 9** is a true and correct copy of Instacart's April 28, 2026 letter.

16.     Our firm has confirmed with our client that Instacart does not have policies or communications regarding price gouging or increased pricing for either Tier 1 or Tier 2 products.

17.     Attached as **Exhibit 10** is a true and correct copy of Amazon's opposition to non-party Aldi's motion to quash Amazon's subpoena *duces tecum*, which was filed in the *Greenberg* Action at Docket No. 136 (May 6, 2025).

18.     Attached as **Exhibit 11** is a true and correct copy of the *Greenberg* Court's order granting in part and denying in part Aldi's motion to quash, which was filed in the *Greenberg* Action at Docket No. 178 (July 18, 2025).

19.     Attached as **Exhibit 12** is a true and correct copy of Amazon's motion for protective order against plaintiffs' discovery requests in the *Greenberg* Action, which was filed in that action at Docket No. 78 (Dec. 4, 2024).

20.     Attached as **Exhibit 13** is a true and correct copy of the *Greenberg* Court's order denying Amazon's motion for protective order, which was filed in that action at Docket No. 177 (July 18, 2025).

21.     Attached as **Exhibit 14** is a true and correct copy of the *Greenberg* Court's order granting in part and denying in part Amazon's motion to compel individual plaintiffs' production of documents, which was filed in that action at Docket No. 259 (Mar. 30, 2026).

22.     Attached as **Exhibit 15** is a true and correct copy of Plaintiff the State of California's memorandum in support of its motion for preliminary injunction to enjoin [Defendant] amazon's retail price fixing scheme in the California state action *The People of the State of Cal. v. Amazon.com, Inc.*, No. CGC-22-601826 (Cal. Super. Ct. Apr. 17, 2026).

DECLARATION OF ADAM S. CASHMAN ISO MOTION TO QUASH AND FOR PROTECTIVE ORDER

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: May 1, 2026

By:  _/s/ Adam Cashman_
Adam S. Cashman

DECLARATION OF ADAM S. CASHMAN ISO MOTION TO QUASH AND FOR PROTECTIVE ORDER