# EXHIBIT 3



Suite 3300
920 Fifth Avenue
Seattle, WA  98104-1610

**John Goldmark**
 206-757-8068 tel
 206-757-7068 fax

johngoldmark@dwt.com

December 18, 2024

Maplebear, Inc.
d/b/a Instacart
50 Beale Street #600
San Francisco, CA
94105

Re:     *Greenberg v. Amazon.com*, Case No. 2:21-cv-00898-RSL (WDWA)

Dear Sir or Madam:

In connection with the above captioned matter, please see the attached Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (the "Subpoena"), served pursuant to Federal Rule of Civil Procedure 45.

We represent Amazon.com, Inc. ("Amazon") in a class-action lawsuit brought by five named plaintiffs against Amazon in the District Court for the Western District of Washington (the "District Court"), alleging on behalf of themselves and a putative class of "[a]ll persons who purchased any consumer good or food item . . . on Amazon.com between January 31, 2020 and October 20, 2022 whose price was set at an unfair level" that Amazon violated the Washington Consumer Protection Act.  Wash. Rev. Code § 19.86 *et seq.*

On November 4, 2024, Amazon moved the District Court to strike Plaintiffs' class allegations. *See* ECF No. 73 (the "Motion to Strike").  If granted, only the five named plaintiffs' individual claims based on their individual purchases would remain in the case.  As such, our requests for documents are divided into two groups.  Tier 1 Requests seek documents related to the products that form the basis of the Plaintiffs' individual claims (*i.e.* those products that Plaintiffs themselves purchased), while Tier 2 Requests relate to broader categories of products that form the basis of Plaintiffs' class allegations (*i.e.*, all consumer goods and food items).

Until the Motion to Strike is ruled upon, the District Court gives some additional guidance, or Amazon otherwise decides, you can limit your responses only to the Tier 1 requests.  We reserve our rights to seek your responses to the Tier 2 requests under any of the above circumstances.

December 18, 2024
Page 2

If you have any questions or concerns, I can be reached by phone at (206) 757-8068, or by e-mail at johngoldmark@dwt.com.

Very truly yours,

DAVIS WRIGHT TREMAINE LLP

John Goldmark

Attachment - Subpoena

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Western District of Washington

| | |
|---|---|
| ALVIN GREENBERG et al. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 2:21-cv-00898-RSL |
| AMAZON.COM, INC. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                    Maplebear, Inc., d/b/a Instacart

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Schedule A attached.

| Place: 920 5th Ave #3300, Seattle, WA 98104 | Date and Time:<br><br>1/3/2025 10:00 am |
|---|---|

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 12/18/2024

| CLERK OF COURT | OR | |
|---|---|---|
| _____ | | _John Goldmark (signature)_ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Amazon.com, Inc.
_____ , who issues or requests this subpoena, are:

John Goldmark, 920 5th Ave #3300, Seattle, WA 98104, johngoldmark@dwt.com, (206) 757-8068

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  2:21-cv-00898-RSL

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

## DEFINITIONS

1.      "Action" means the above-captioned civil action.

2.      "Communication(s)" is defined as the transmittal of facts, ideas, thoughts, opinions, data, inquiries or other information, whether orally or in writing or by any other means, between or among two or more persons or entities, and includes correspondence, memoranda, reports, presentations, face-to-face conversations, telephone conversations, text messages, instant messages, voice messages, negotiations, agreements, inquiries, understandings, meetings, letters, notes, telegrams, mail, email, and postings of any type.

3.      "Complaint" means the Second Amended Complaint filed in this Action on September 20, 2024 (ECF No. 66) (attached hereto as Exhibit A).

4.      "Related to" means containing, evidencing, setting forth, identifying referring to, regarding, describing, mentioning, or constituting.

5.      "COVID-19 Pandemic" refers to the pandemic of the COVID-19 virus that spanned, for purposes of these Requests, January 31, 2020 to October 20, 2022.

6.      "Document" shall be construed as broadly as allowed by the applicable rules to include any tangible thing, including without limitation the original and any non-identical copy of any written, typed, recorded, or graphic matter, however produced, reproduced, or stored, in whatever form, including without limitation any writings, drawings, graphs, charts, sound recordings, video recordings, photographs, printouts, books, publications, computer disks, computer files, electronic mail messages, any manner of mechanical, electrical, or electronic transcription or encoding of words, numbers, or information, together with all programs and manuals necessary to interpret such encoded information, and all other data compilations from

which information can be obtained or translated through detection devices into reasonably usable form.

7.    "Government Entity" means any federal, state, or foreign governmental criminal, civil, or regulatory agency or authority, or any current or former officer, employee or agent thereof.

8.    "Plaintiff" and "Plaintiffs" mean the named plaintiffs identified in the Complaint, those and their agents, counsel, successors, relatives, and assigns.

9.    "Tier 1 Products" mean the products that Plaintiffs allegedly purchased at unfair prices, *see* Complaint at 5–23, specifically: bleach, active dry yeast, flea & tick spray, instant or ramen noodles, rice, vegetable glycerin, disinfecting wipes, and distilled water.

10.    "Purchase(s)" means to obtain in exchange for money or its equivalent.

11.    "Research" means any inquiry, investigation, or examination aimed at the discovery and interpretation of facts.

12.    "Relevant time period" means the period from January 1, 2017 to the present.

13.    "Record(s)" shall be construed broadly and incorporate the definition of "Document" as defined above.

14.    "You" and "Your" refer the person(s) or entity(ies) responding to these discovery requests.

## INSTRUCTIONS

1.    The Definitions above apply to these Instructions and to each Request.

2.    Unless otherwise specified, the responsive period for each request is from January 1, 2017 through the date of these Requests.

2

3. In accordance with Rule 45 of the Federal Rules of Civil Procedure, the Documents to which these Requests for Production relate include any and all Documents that are in Your possession, custody, or control, regardless of location.

4. You shall produce all Documents in the manner in which they are maintained in the usual course of business, including in their native electronic format, or organized and labeled to correspond to each separately numbered Request. A request for a Document shall be deemed to include a request for any and all file folders within which the Document was contained, transmittal sheets, cover letters, exhibits, enclosures, or attachments to the Document, in addition to the Document itself.

5. Documents shall be produced and Bates numbered in such a way as to identify the applicable file folder and/or source from which each responsive Document came or was obtained.

6. Confidential, proprietary, or private information shall be produced in a manner consistent with the Stipulated Protective Order (ECF No. 42) (attached hereto as Exhibit B). Instructions for designating protected material can be found in Section 6 therein.

7. Documents shall be produced in a manner consistent with the Order Regarding Discovery of Electronically Stored Information in the Action (ECF No. 45) (attached hereto as Exhibit C).

8. In accordance with Rule 26 of the Federal Rules of Civil Procedure, these Requests are continuing in character and require You to amend or supplement Your responses if You obtain further or different responsive Documents.

9. You must answer each Request separately and fully, unless it is objected to, in which event the objection(s) should be specifically stated.

3

10. Documents attached to each other should not be separated.

11. If You claim any ambiguity in interpreting either a Request or a Definition or Instruction, You should not use that claim as a basis for refusing to respond, but shall set forth as part of their response the language deemed to be ambiguous and identify the interpretation Plaintiffs have applied or will apply in responding.

12. If You have no Documents responsive to a request, You must say so in Your response.

13. If You withhold any Document, or any portion of any Document, under any claim of privilege, immunity, or protection, You shall provide a written privilege log that sets forth information explaining the nature of the claim.

14. For the purpose of construing the scope of these Requests, the terms used shall be given their most expansive and inclusive interpretation.

15. Each Paragraph of these Requests should be construed independently, and no other Request or Paragraph shall be referred to or relied on for the purpose of limiting the scope of any Request.

16. The words "and" and "or" shall be construed either conjunctively or disjunctively to bring within the scope of these Requests any information that might otherwise be construed to be outside their scope.

17. The singular form of a word shall be construed to include the plural, and the plural form of a word shall be construed to include the singular, to bring within the scope of these Requests any information that might otherwise be construed to be outside their scope.

4

18.　　"All" shall be construed to mean and include the word "any," and "any" shall be construed to mean and include the word "all," to bring within the scope of these Requests any information that might otherwise be construed to be outside their scope.

**TIER 1 REQUESTS FOR PRODUCTION OF DOCUMENTS**

1.　　All Documents and/or data related to Your pricing of the Tier 1 Products during the COVID-19 Pandemic, in stores and online, including but not limited to any price increases or decreases.

2.　　All Documents and/or data related to Your Costs for the Tier 1 Products sold by You during the COVID-19 Pandemic, in stores and online, including but not limited to Your unit costs associated with sales in stores and online, and any cost increases or decreases incurred by You.

3.　　All Documents and/or data related to Your inventory of the Tier 1 Products during the COVID-19 Pandemic, including but not limited to Documents and/or data reflecting decreasing inventory or out-of-stock Tier 1 Products.

4.　　Transactional data for Purchases of the Tier 1 Products sold by You or by third-parties on your website made between January 1, 2017 and the present sufficient to show, at least, (i) products sold, (ii) transaction date and time, (iii) SKU, (iv) price, (v) any applicable discount, (vi) identity of the purchaser, (vii) identity of the seller, to the extent that the Tier 1 Products were sold by a third-party on your website, (viii) geographic location of the purchaser and/or the store location from which the purchase was made, (ix) margin, (x) cost of acquisition, (xi) shipping cost, (xii) whether the product is new or used, and (xiii) mode of purchase, *e.g.*, whether the purchase was made in-store by the consumer, through a delivery app, through Your website for pickup, or online.

5

5. All Documents and/or data related to Your analysis of competitors' prices for Tier 1 Products during the COVID-19 Pandemic.

6. All Documents and/or Communications related to any policies, procedures, processes, or controls You had in place during the Relevant Time Period related to price gouging, unusual price increases, avoiding inventory shortages or exhaustion, purchase limits for individual products or categories of products, limitations on price increases, and/or fair pricing, including policies governing sales by authorized third-parties, where applicable. This request is limited to policies, procedures, processes or controls applicable to the Tier 1 Products.

7. All Documents and/or Communications related to any actions taken by You to prevent, remediate and/or remove products that were subject to price gouging and/or unfair pricing, or actions taken by You to manage inventories, including by imposing or removing purchase limits or price caps for products in high demand. This request is limited to actions taken by You with respect to any of the Tier 1 Products.

8. All data for Your discount offers on the Tier 1 Products between January 1, 2017 and the present, in store and online.

9. Documents or data related to any changes to Your health and safety protocols implemented in response to the COVID-19 Pandemic at each of your brick-and-mortar retail locations that sold Tier 1 Products during the Relevant Time Period, including changes to Your standard operating hours, reduced-contact or contactless shopping options, social distancing requirements, face covering requirements, cleaning and sanitization protocols, and employee trainings and guidance offered on such health and safety protocols.

**TIER 2 REQUESTS FOR PRODUCTION OF DOCUMENTS**

10.     All Documents and/or data related to Your pricing of Your consumer goods and/or food items during the COVID-19 Pandemic, in stores and online, including but not limited to any price increases or decreases.

11.     All Documents and/or data related to Your Costs for consumer goods and food items sold by You during the COVID-19 Pandemic, in stores and online, including but not limited to Your unit costs associated with sales in stores and online, and any cost increases or decreases incurred by You.

12.     All Documents and/or data related to Your inventory of consumer goods and food items during the COVID-19 Pandemic, including but not limited to Documents and/or data reflecting decreasing inventory or out-of-stock consumer goods or food items.

13.     Transactional data for Purchases of Your consumer goods and food items or consumer goods and food items sold by third-parties on your website made between January 1, 2017 and the present sufficient to show, at least, (i) products sold, (ii) transaction date and time, (iii) SKU, (iv) price, (v) any applicable discount, (vi) identity of the purchaser, (vii) identity of the seller, to the extent that the consumer goods or food items were sold by a third-party on your website, (viii) geographic location of the purchaser and/or the store location from which the purchase was made, (ix) margin, (x) cost of acquisition, (xi) shipping cost, (xii) whether the product is new or used, and (xiii) mode of purchase, *e.g.*, whether the purchase was made in-store by the consumer, through a delivery app, through Your website for pickup, or online.

14.     All Documents and/or data related to Your analysis of competitors' prices for consumer goods and food items during the COVID-19 Pandemic.

15.     All Documents and/or Communications related to any policies, procedures, processes, or controls You had in place during the Relevant Time Period related to price gouging,

7

unusual price increases, avoiding inventory shortages or exhaustion, purchase limits for individual products or categories of products, limitations on price increases, and/or fair pricing, including policies governing sales by authorized third-parties, where applicable.

16.     All Documents and/or Communications related to any actions taken by You to prevent, remediate and/or remove products that were subject to price gouging and/or unfair pricing, or actions taken by You to manage inventories, including by imposing or removing purchase limits or price caps for products in high demand.

17.     All data for Your discount offers on consumer goods and food items between January 1, 2017 and the present, in store and online.