# EXHIBIT 4

The Honorable Robert S. Lasnik

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF WASHINGTON

## AT SEATTLE

| | |
|---|---|
| ALVIN GREENBERG, et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM, INC., a Delaware corporation,<br><br>Defendant. | Case No. 2:21-cv-00898-RSL<br><br>**NON-PARTY MAPLEBEAR INC. D/B/A INSTACART'S OBJECTIONS AND RESPONSES TO DEFENDANT AMAZON.COM, INC'S SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION** |

Case No. 2:21-cv-00898-RSL

INSTACART'S OBJECTIONS AND RESPONSES TO SUBPOENA TO PRODUCE DOCUMENTS

Non-Party Maplebear Inc. d/b/a Instacart ("Instacart") hereby responds to the Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action, dated December 18, 2024, from Defendant Amazon.com, Inc. ("Defendant" or "Amazon"), on the following grounds:

**GENERAL OBJECTIONS**

Instacart objects to the Subpoena in its entirety as, on its face, propounding vague and confusing Requests that fundamentally misunderstand, misstate, and/or mischaracterize Instacart's business model as one of direct sales of products to consumers. Instacart operates a digital platform that provides customers with the ability to order products from nearby retailers for pickup and delivery. Retailers with storefronts on Instacart's platform set their own pricing and inventory selection. Instacart is not a retailer or reseller of products, nor was it during the COVID-19 pandemic.

Instacart objects to the Subpoena in its entirety as, on its face, calling for the disclosure of privileged or immune information, including, without limitation, information subject to the attorney-client privilege, work-product doctrine, common interest privilege, privacy rights under Washington and/or federal law and/or any other privilege or immunity from discovery. Instacart hereby claims such privileges and immunities and objects to the disclosure of any documents or information subject thereto.

Instacart objects to the Subpoena to the extent that it calls for the disclosure of information that would violate the legitimate privacy rights and expectations of Instacart's employees, directors, officers, affiliates, subsidiaries, customers, or third-party businesses and corporations with whom Instacart contracts, both current and former, or other individuals, to the extent that such privacy rights or expectations and confidential business information are protected by law, contract, or public policy.

Instacart objects to each and every Topic and Request in the Subpoena as duplicative of or unreasonably cumulative to other discovery propounded and/or produced in this action.

Instacart objects to the Subpoena and each and every Definition, Instruction, Topic and Request in the Subpoena on the grounds that it purports to impose burdens upon Instacart in this

INSTACART'S OBJECTIONS AND RESPONSES TO SUBPOENA TO PRODUCE DOCUMENTS

action that are not permitted by law or seeks to impose greater obligations than those imposed under the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the District Court for the Western District of Washington, or any applicable Order of this Court, regulation or case law.

Instacart objects to the Subpoena on the grounds that the burden, expense, and intrusiveness of the Subpoena clearly outweighs the likelihood that the information sought will lead to the discovery of admissible evidence.

Instacart objects to the Subpoena to the extent that it calls for the creation of documents or data compilations that do not exist or that are not ordinarily kept in the normal course of business. Instacart further objects to the extent that any request seeks documents or information in the possession, custody, or control of Defendant, or that are equally or more readily available to Defendant from parties to this action or otherwise.

Instacart objects to each and every Definition, Instruction, Topic and Request in the Subpoena on the grounds that it is overbroad, unduly burdensome, and oppressive as to a non-party.

Instacart objects to the Subpoena to the extent that it seeks identification and disclosure of information that is irrelevant, immaterial, or not reasonably calculated to lead to the discovery of admissible evidence.

To the extent any request, definition, or instruction may be construed as requiring Instacart to characterize documents or their contents or to speculate as to what documents may or may not show, Instacart objects to such request, definition, or instruction as vague, ambiguous, and calling for legal conclusions and speculation.

## OBJECTIONS TO DEFINITIONS

Instacart objects to the entirety of Defendant's Definitions to the extent they purport to impose obligations beyond those imposed by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the District Court for the Western District of Washington, or any applicable Order of this Court, regulation or case law.

Instacart specifically objects to the definitions of YOU and YOUR to the extent they include counsel, and to the extent they purport to impose obligations beyond those imposed by Federal Rule of Civil Procedure 34 and applicable law. Instacart objects to the definitions of YOU and YOUR to the extent they seek to encompass entities other than Instacart and persons under its control. Instacart further objects to the definitions of YOU and YOUR to the extent they call for the disclosure of privileged or immune information, including, without limitation, information subject to the attorney-client privilege, the work-product doctrine, common interest privilege, or privacy rights under Washington and/or federal law. Instacart hereby claims such privileges and immunities and objects to the disclosure of any documents or information subject thereto.

Instacart specifically objects to the definitions of COMMUNICATION, COMMUNICATIONS, DOCUMENT, and DOCUMENTS to the extent they purport to impose obligations beyond those imposed by Federal Rule of Civil Procedure 34 and applicable law. Instacart further objects to the extent the definitions call for the disclosure of privileged or immune information, including, without limitation, information subject to the attorney-client privilege, the work-product doctrine, common interest privilege, or privacy rights under Washington and/or federal law. Instacart hereby claims such privileges and immunities and objects to the disclosure of any documents or information subject thereto.

Instacart specifically objects to the definitions of RELATED TO or RELATING TO as overly broad, unduly burdensome, and vague and ambiguous. Instacart further specifically objects to the definitions of RELATED TO or RELATING TO to the extent they purport to impose obligations beyond those imposed by Federal Rule of Civil Procedure 34 and applicable law.

## OBJECTIONS TO INSTRUCTIONS

Instacart objects to the entirety of Defendant's Instructions to the extent they purport to impose obligations beyond those imposed by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the District Court for the Western District of Washington, or any applicable Order of this Court, regulation or case law. By way of non-limiting example, Instacart will not segregate or reference documents to particular requests, because Fed. R. Civ. P. 34 does not so require.

Instacart further objects to Defendant's purported instructions to the extent they seek to encompass entities other than Instacart and persons under its control. Instacart further objects to the instructions to the extent they call for the disclosure of privileged or immune information, including, without limitation, information subject to the attorney-client privilege, work-product doctrine, common interest privilege, or privacy rights under Washington and/or federal law. Instacart hereby claims such privileges and immunities and objects to the disclosure of any documents or information subject thereto.

All of the foregoing objections are hereby incorporated into each response below as though fully set forth therein. To the extent that Instacart, in a particular response, restates one or more, but not all, of the General Objections and Objections to Definitions or Instructions, all of these Objections are intended to be and are set forth as part of the response to that Topic or Request. Any agreement to provide or provision of information by Instacart in response to a Topic or Request is made subject to and without waiving these General Objections and Objections to Definitions or Instructions, and any specific objection stated in the response.

By providing or identifying any information, documents, or things in response to the Topics and Requests, Instacart does not waive any objection to the Topics or Requests, nor does Instacart waive any claim of privilege or immunity, whether expressly asserted or not.

**OBJECTIONS AND RESPONSES TO DOCUMENT REQUESTS**

**REQUEST FOR PRODUCTION NO. 1:**

All Documents and/or data related to Your pricing of the Tier 1 Products during the COVID-19 Pandemic, in stores and online, including but not limited to any price increases or decreases.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Instacart hereby incorporates its General Objections as if fully set forth herein. Instacart objects to this Request as unduly burdensome to a non-party to the extent that it calls for the creation of documents or data compilations that do not exist or that are not ordinarily kept in the normal course of business and to the extent that it purports to impose obligations broader than, or inconsistent with, the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and the Local Rules of the District Court for the Western District of Washington, or any applicable Order of this Court, regulation or case law. Instacart objects to this Request as vague and confusing, and to the extent that the burden, expense, and intrusiveness of the request clearly outweighs the likelihood that the information sought will lead to the discovery of admissible evidence, as the request seeks information—namely "[Instacart's] pricing of the Tier 1 Products"—that does not exist. Instacart operates a digital platform that provides customers with the ability to order products from nearby retailers for pickup and delivery. Retailers with storefronts on Instacart's platform set their own pricing and inventory selection. Instacart is not a retailer or reseller of products, nor was it during the COVID-19 pandemic.

Moreover, this Request is so broad and unlimited as to scope as to be oppressive, including in requesting "[a]ll Documents and/or data" related to the Request during the specified time period. Instacart further objects to this Request to the extent it purports to require Instacart to disclose competitively sensitive, private or personally identifiable information of Instacart and third-party retailers that utilize the Instacart platform. Instacart objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and/or any other applicable privilege or immunity. Instacart objects to the extent that this Request seeks documents or information in the possession, custody, or control of Defendant, or that

INSTACART'S OBJECTIONS AND RESPONSES TO SUBPOENA TO PRODUCE DOCUMENTS

are equally or more readily available to Defendant from parties to this action or otherwise. Instacart objects to this Request because it seeks confidential, financial, proprietary, trade secret, or other competitively sensitive or confidential information. Defendant is a competitor of Instacart, and Instacart may suffer a competitive disadvantage if such information were disclosed.

**REQUEST FOR PRODUCTION NO. 2:**

All Documents and/or data related to Your Costs for the Tier 1 Products sold by You during the COVID-19 Pandemic, in stores and online, including but not limited to Your unit costs associated with sales in stores and online, and any cost increases or decreases incurred by You.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Instacart hereby incorporates its General Objections as if fully set forth herein. Instacart objects to this Request as unduly burdensome to a non-party to the extent that it calls for the creation of documents or data compilations that do not exist or that are not ordinarily kept in the normal course of business and to the extent that it purports to impose obligations broader than, or inconsistent with, the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and the Local Rules of the District Court for the Western District of Washington, or any applicable Order of this Court, regulation or case law. Instacart objects to this Request as vague and confusing, and to the extent that the burden, expense, and intrusiveness of the request clearly outweighs the likelihood that the information sought will lead to the discovery of admissible evidence, as the request seeks information—namely "[Instacart's] Costs for the Tier 1 Products sold by [Instacart]"—that does not exist. Instacart operates a digital platform that provides customers with the ability to order products from nearby retailers for pickup and delivery. Retailers with storefronts on Instacart's platform set their own pricing and inventory selection. Instacart is not a retailer or reseller of products, nor was it during the COVID-19 pandemic.

Moreover, this Request is so broad and unlimited as to scope as to be oppressive, including in requesting "[a]ll Documents and/or data" related to the Request during the specified time period. Instacart further objects to this Request to the extent it purports to require Instacart to disclose competitively sensitive, private or personally identifiable information of Instacart and third-party retailers that utilize the Instacart platform. Instacart objects to this Request to the extent it seeks

information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and/or any other applicable privilege or immunity. Instacart objects to the extent that this Request seeks documents or information in the possession, custody, or control of Defendant, or that are equally or more readily available to Defendant from parties to this action or otherwise. Instacart objects to this Request because it seeks confidential, financial, proprietary, trade secret, or other competitively sensitive or confidential information. Defendant is a competitor of Instacart, and Instacart may suffer a competitive disadvantage if such information were disclosed. Instacart objects to this Request as duplicative of Request No. 1.

**REQUEST FOR PRODUCTION NO. 3:**

All Documents and/or data related to Your inventory of the Tier 1 Products during the COVID-19 Pandemic, including but not limited to Documents and/or data reflecting decreasing inventory or out-of-stock Tier 1 Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Instacart hereby incorporates its General Objections as if fully set forth herein. Instacart objects to this Request as unduly burdensome to a non-party to the extent that it calls for the creation of documents or data compilations that do not exist or that are not ordinarily kept in the normal course of business and to the extent that it purports to impose obligations broader than, or inconsistent with, the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and the Local Rules of the District Court for the Western District of Washington, or any applicable Order of this Court, regulation or case law. Instacart objects to this Request as vague and confusing, and to the extent that the burden, expense, and intrusiveness of the request clearly outweighs the likelihood that the information sought will lead to the discovery of admissible evidence, as the request seeks information—namely "[Instacart's] inventory of Tier 1 Products"—that does not exist. Instacart operates a digital platform that provides customers with the ability to order products from nearby retailers for pickup and delivery. Retailers with storefronts on Instacart's platform set their own pricing and inventory selection. Instacart is not a retailer or reseller of products, nor was it during the COVID-19 pandemic.

INSTACART'S OBJECTIONS AND RESPONSES TO SUBPOENA TO PRODUCE DOCUMENTS

Moreover, this Request is so broad and unlimited as to scope as to be oppressive, including in requesting "[a]ll Documents and/or data" related to the Request during the specified time period" Instacart further objects to this Request to the extent it purports to require Instacart to disclose competitively sensitive, private or personally identifiable information of Instacart and third-party retailers that utilize the Instacart platform. Instacart objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and/or any other applicable privilege or immunity. Instacart objects to the extent that this Request seeks documents or information in the possession, custody, or control of Defendant, or that are equally or more readily available to Defendant from parties to this action or otherwise. Instacart objects to this Request because it seeks confidential, financial, proprietary, trade secret, or other competitively sensitive or confidential information. Defendant is a competitor of Instacart, and Instacart may suffer a competitive disadvantage if such information were disclosed. Instacart further objects to this Request as duplicative of Request Nos. 1 and 2.

**REQUEST FOR PRODUCTION NO. 4:**

Transactional data for Purchases of the Tier 1 Products sold by You or by third-parties on your website made between January 1, 2017 and the present sufficient to show, at least, (i) products sold, (ii) transaction date and time, (iii) SKU, (iv) price, (v) any applicable discount, (vi) identity of the purchaser, (vii) identity of the seller, to the extent that the Tier 1 Products were sold by a third-party on your website, (viii) geographic location of the purchaser and/or the store location from which the purchase was made, (ix) margin, (x) cost of acquisition, (xi) shipping cost, (xii) whether the product is new or used, and (xiii) mode of purchase, e.g., whether the purchase was made in-store by the consumer, through a delivery app, through Your website for pickup, or online.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Instacart hereby incorporates its General Objections as if fully set forth herein. Instacart objects to this Request as unduly burdensome to a non-party to the extent that it calls for the creation of documents or data compilations that do not exist or that are not ordinarily kept in the normal course of business and to the extent that it purports to impose obligations broader than, or inconsistent with, the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and the

Local Rules of the District Court for the Western District of Washington, or any applicable Order of this Court, regulation or case law. Instacart objects to this Request as vague and confusing, and to the extent that the burden, expense, and intrusiveness of the request clearly outweighs the likelihood that the information sought will lead to the discovery of admissible evidence, as the request seeks information that either does not exist, i.e., "Tier 1 Products sold by [Instacart]," or is the proprietary information of third-party vendors (and so is more easily and appropriately obtained directly from them), i.e. a product's margin, cost of acquisition, shipping cost, and whether the product is new or used. Instacart operates a digital platform that provides customers with the ability to order products from nearby retailers for pickup and delivery. Retailers with storefronts on Instacart's platform set their own pricing and inventory selection. Instacart is not a retailer or reseller of products, nor was it during the Relevant Time Period.

Moreover, this Request is so broad as to scope as to be oppressive, including by requesting eight years' worth of "transactional data" across thirteen separate categories when the Instacart platform hosts thousands of retailer storefronts, all of which contain their own sets of individual data. It is also vague and unclear in requesting data relating to products "sold by third-parties on your website" while also requesting "mode of purchase, e.g., whether the purchase was made instore by the consumer, through a delivery app, through Your website for pickup, or online," and in requesting data in undefined categories such as "margin," "cost of acquisition," and "shipping cost." It is not clear how this Request seeks to measure each of these categories, and how they would apply to Instacart as a digital platform. Instacart further objects to this Request to the extent it purports to require Instacart to disclose competitively sensitive, private or personally identifiable information of Instacart and third-party retailers that utilize the Instacart platform. Instacart objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and/or any other applicable privilege or immunity. Instacart objects to the extent that this Request seeks documents or information in the possession, custody, or control of Defendant, or that are equally or more readily available to Defendant from parties to this action or third parties who have greater and more ready access to the information sought than Instacart does. Instacart further objects to this Request because it seeks confidential,

INSTACART'S OBJECTIONS AND RESPONSES TO SUBPOENA TO PRODUCE DOCUMENTS

financial, proprietary, trade secret, or other competitively sensitive or confidential information. Defendant is a competitor of Instacart, and Instacart may suffer a competitive disadvantage if such information were disclosed. Instacart objects to this Request as duplicative of Request Nos. 1-3.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents and/or data related to Your analysis of competitors' prices for Tier 1 Products during the COVID-19 Pandemic.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Instacart hereby incorporates its General Objections as if fully set forth herein. Instacart objects to this Request as unduly burdensome to a non-party to the extent that it calls for the creation of documents or data compilations that do not exist or that are not ordinarily kept in the normal course of business and to the extent that it purports to impose obligations broader than, or inconsistent with, the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and the Local Rules of the District Court for the Western District of Washington, or any applicable Order of this Court, regulation or case law. Instacart further objects to this Request as vague and ambiguous as to its use of the term "competitors." The Request is not clear as to whether it is referencing Instacart's competitors, Instacart's vendors' competitors, or otherwise. Assuming the Request references Instacart's competitors, Instacart objects to this Request as vague and confusing, and to the extent that the burden, expense, and intrusiveness of the request clearly outweighs the likelihood that the information sought will lead to the discovery of admissible evidence, as the request seeks information—namely "competitors' prices"—that does not exist. Instacart operates a digital platform that provides customers with the ability to order products from nearby retailers for pickup or delivery. Instacart is not a retailer or reseller of products, nor was it during the COVID-19 pandemic.

Moreover, this Request is so broad and unlimited as to scope as to be oppressive, including in requesting "[a]ll Documents" from this time period. Instacart further objects to this Request to the extent it purports to require Instacart to disclose private or personally identifiable information of Instacart and Instacart employees, customers, business partners, and/or third parties. Instacart objects to this Request to the extent it seeks information protected from disclosure by the attorney-

INSTACART'S OBJECTIONS AND RESPONSES TO SUBPOENA TO PRODUCE DOCUMENTS

client privilege, the attorney work-product doctrine, and/or any other applicable privilege or immunity. Instacart objects to this Request because it seeks confidential, financial, proprietary, trade secret, or other competitively sensitive or confidential information. Defendant is a competitor of Instacart, and Instacart may suffer a competitive disadvantage if such information were disclosed.

**REQUEST FOR PRODUCTION NO. 6:**

All Documents and/or Communications related to any policies, procedures, processes, or controls You had in place during the Relevant Time Period related to price gouging, unusual price increases, avoiding inventory shortages or exhaustion, purchase limits for individual products or categories of products, limitations on price increases, and/or fair pricing, including policies governing sales by authorized third-parties, where applicable. This request is limited to policies, procedures, processes or controls applicable to the Tier 1 Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Instacart hereby incorporates its General Objections as if fully set forth herein. Instacart objects to this Request as unduly burdensome to a non-party to the extent that it calls for the creation of documents or data compilations that do not exist or that are not ordinarily kept in the normal course of business and to the extent that it purports to impose obligations broader than, or inconsistent with, the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and the Local Rules of the District Court for the Western District of Washington, or any applicable Order of this Court, regulation or case law. Instacart objects to this Request as vague and confusing, and to the extent that the burden, expense, and intrusiveness of the request clearly outweighs the likelihood that the information sought will lead to the discovery of admissible evidence, as Instacart's policies relating to pricing is not probative of any of the claims or defenses asserted in this case. Moreover, Instacart operates a digital platform that provides customers with the ability to order products from nearby retailers for pickup or delivery. Instacart is not a retailer or reseller of products, nor was it during the Relevant Time Period. Further, this Request is so broad in scope as to be oppressive, including in requesting Instacart review and produce "[a]ll Documents and/or Communications" that could possibly be related to the Request over a span of eight years.

Instacart further objects to this Request to the extent it purports to require Instacart to disclose private or personally identifiable information of Instacart and Instacart employees, customers, business partners, or third parties. Instacart objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and/or any other applicable privilege or immunity. Instacart objects to this Request because it seeks confidential, financial, proprietary, trade secret, or other competitively sensitive or confidential information. Defendant is a competitor of Instacart, and Instacart may suffer a competitive disadvantage if such information were disclosed. Instacart objects to this Request as duplicative of Request Nos. 1-4.

**REQUEST FOR PRODUCTION NO. 7:**

All Documents and/or Communications related to any actions taken by You to prevent, remediate and/or remove products that were subject to price gouging and/or unfair pricing, or actions taken by You to manage inventories, including by imposing or removing purchase limits or price caps for products in high demand. This request is limited to actions taken by You with respect to any of the Tier 1 Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Instacart hereby incorporates its General Objections as if fully set forth herein. Instacart objects to this Request as unduly burdensome to a non-party to the extent that it calls for the creation of documents or data compilations that do not exist or that are not ordinarily kept in the normal course of business and to the extent that it purports to impose obligations broader than, or inconsistent with, the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and the Local Rules of the District Court for the Western District of Washington, or any applicable Order of this Court, regulation or case law. Instacart objects to this Request to the extent the language "prevent, remediate and/or remove products" suggests Instacart has a third-party obligation as a platform to enforce or alter retailers' pricing. Instacart objects to this Request as vague and confusing, and to the extent that the burden, expense, and intrusiveness of the request clearly outweighs the likelihood that the information sought will lead to the discovery of admissible evidence, as Instacart operates a digital platform that provides customers with the ability to order

INSTACART'S OBJECTIONS AND RESPONSES TO SUBPOENA TO PRODUCE DOCUMENTS

products from nearby retailers for pickup or delivery. Instacart is not a retailer or reseller of products or a mandated regulator of retailers and resellers who may utilize Instacart's platform, nor was it during the Relevant Time Period. Moreover, this Request is so broad in scope as to be oppressive, including in requesting Instacart review and produce "[a]ll Documents and/or Communications" that could possibly be related to the Request over a span of eight years.

Instacart further objects to this Request to the extent it purports to require Instacart to disclose competitively sensitive, private or personally identifiable information of Instacart and third-party retailers that utilize the Instacart platform. Instacart objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and/or any other applicable privilege or immunity. Instacart objects to this Request because it seeks confidential, financial, proprietary, trade secret, or other competitively sensitive or confidential information. Defendant is a competitor of Instacart, and Instacart may suffer a competitive disadvantage if such information were disclosed. Instacart objects to this Request as duplicative of Request Nos. 1-4 and 6.

**REQUEST FOR PRODUCTION NO. 8:**

All data for Your discount offers on the Tier 1 Products between January 1, 2017 and the present, in store and online.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Instacart hereby incorporates its General Objections as if fully set forth herein. Instacart objects to this Request as unduly burdensome to a non-party to the extent that it calls for the creation of documents or data compilations that do not exist or that are not ordinarily kept in the normal course of business and to the extent that it purports to impose obligations broader than, or inconsistent with, the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and the Local Rules of the District Court for the Western District of Washington, or any applicable Order of this Court, regulation or case law. Instacart objects to this Request as vague and confusing, and to the extent that the burden, expense, and intrusiveness of the request clearly outweighs the likelihood that the information sought will lead to the discovery of admissible evidence, as Instacart operates a digital platform that provides customers with the ability to order products from

nearby retailers for pickup or delivery. Instacart is not a retailer or reseller of products, nor was it during the Relevant Time Period. Moreover, this Request is so broad in scope as to be oppressive, including in requesting Instacart review and produce "[a]ll data" related to the Request over a span of eight years.

Instacart further objects to this Request to the extent it purports to require Instacart to disclose competitively sensitive, private or personally identifiable information of Instacart and third-party retailers that utilize the Instacart platform. Instacart objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and/or any other applicable privilege or immunity. Instacart objects to this Request because it seeks confidential, financial, proprietary, trade secret, or other competitively sensitive or confidential information. Defendant is a competitor of Instacart, and Instacart may suffer a competitive disadvantage if such information were disclosed. Instacart further objects to this Request as duplicative of Request Nos. 1-4, 6, and 7.

**REQUEST FOR PRODUCTION NO. 9:**

Documents or data related to any changes to Your health and safety protocols implemented in response to the COVID-19 Pandemic at each of your brick-and-mortar retail locations that sold Tier 1 Products during the Relevant Time Period, including changes to Your standard operating hours, reduced-contact or contactless shopping options, social distancing requirements, face covering requirements, cleaning and sanitization protocols, and employee trainings and guidance offered on such health and safety protocols.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Instacart hereby incorporates its General Objections as if fully set forth herein. Instacart objects to this Request as unduly burdensome to a non-party to the extent that it calls for the creation of documents or data compilations that do not exist or that are not ordinarily kept in the normal course of business and to the extent that it purports to impose obligations broader than, or inconsistent with, the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and the Local Rules of the District Court for the Western District of Washington, or any applicable Order of this Court, regulation or case law. Instacart objects to this Request as vague and confusing, and

to the extent that the burden, expense, and intrusiveness of the request clearly outweighs the likelihood that the information sought will lead to the discovery of admissible evidence, as the request seeks information—namely documents or data related to "[Instacart's] brick-and-mortar retail locations"—that does not exist. Instacart operates a digital platform that provides customers with the ability to order products from nearby retailers for pickup or delivery. Instacart is not a retailer or reseller of products, nor was it during the Relevant Time Period. Instacart likewise does not maintain and has never maintained its own brick-and-mortar stores.

Moreover, this Request is so broad and unlimited as to scope as to be oppressive, including in requesting all "Documents or data" related to the Request over a span of eight years. Instacart further objects to this Request to the extent it purports to require Instacart to disclose private or personally identifiable information of Instacart and Instacart employees, customers, business partners, or third parties. Instacart objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and/or any other applicable privilege or immunity.

**REQUEST FOR PRODUCTION NO. 10:**

All Documents and/or data related to Your pricing of Your consumer goods and/or food items during the COVID-19 Pandemic, in stores and online, including but not limited to any price increases or decreases.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Instacart hereby incorporates its General Objections as if fully set forth herein. Instacart objects to this Request as unduly burdensome to a non-party to the extent that it calls for the creation of documents or data compilations that do not exist or that are not ordinarily kept in the normal course of business and to the extent that it purports to impose obligations broader than, or inconsistent with, the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and the Local Rules of the District Court for the Western District of Washington, or any applicable Order of this Court, regulation or case law. Instacart objects to this Request as vague and confusing, and to the extent that the burden, expense, and intrusiveness of the request clearly outweighs the likelihood that the information sought will lead to the discovery of admissible evidence, as the

INSTACART'S OBJECTIONS AND RESPONSES TO SUBPOENA TO PRODUCE DOCUMENTS

request seeks information—namely "[Instacart's] pricing of [Instacart's] consumer goods and/or food items"—that does not exist. Instacart operates a digital platform that provides customers with the ability to order products from nearby retailers for pickup or delivery. Instacart is not a retailer or reseller of products, nor was it during the COVID-19 pandemic. Moreover, this Request is so broad in scope as to be oppressive, including in requesting Instacart review and produce "[a]ll Documents and/or data" related to the Request during the specified time period.

Instacart further objects to this Request to the extent it purports to require Instacart to disclose competitively sensitive, private or personally identifiable information of Instacart and third-party retailers that utilize the Instacart platform. Instacart objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and/or any other applicable privilege or immunity. Instacart objects to the extent that this Request seeks documents or information in the possession, custody, or control of Defendant, or that are equally or more readily available to Defendant from parties to this action or otherwise. Instacart objects to this Request because it seeks confidential, financial, proprietary, trade secret, or other competitively sensitive or confidential information. Defendant is a competitor of Instacart, and Instacart may suffer a competitive disadvantage if such information were disclosed. Instacart further objects to this Request as duplicative of Request Nos. 1-4 and 6-8.

**REQUEST FOR PRODUCTION NO. 11:**

All Documents and/or data related to Your Costs for consumer goods and food items sold by You during the COVID-19 Pandemic, in stores and online, including but not limited to Your unit costs associated with sales in stores and online, and any cost increases or decreases incurred by You.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Instacart hereby incorporates its General Objections as if fully set forth herein. Instacart objects to this Request as unduly burdensome to a non-party to the extent that it calls for the creation of documents or data compilations that do not exist or that are not ordinarily kept in the normal course of business and to the extent that it purports to impose obligations broader than, or inconsistent with, the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and the

Local Rules of the District Court for the Western District of Washington, or any applicable Order of this Court, regulation or case law. Instacart objects to this Request as vague and confusing, and to the extent that the burden, expense, and intrusiveness of the request clearly outweighs the likelihood that the information sought will lead to the discovery of admissible evidence, as the request seeks information—namely "[Instacart's] Costs for consumer goods and food items sold by [Instacart]"—that does not exist.  Instacart operates a digital platform that provides customers with the ability to order products from nearby retailers for pickup or delivery. Instacart is not a retailer or reseller of products, nor did it during the COVID-19 pandemic. Moreover, this Request is so broad in scope as to be oppressive, including in requesting Instacart review and produce "[a]ll Documents and/or data" related to the Request during the specified time period.

Instacart further objects to this Request to the extent it purports to require Instacart to disclose competitively sensitive, private or personally identifiable information of Instacart and third-party retailers that utilize the Instacart platform. Instacart objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and/or any other applicable privilege or immunity. Instacart objects to the extent that this Request seeks documents or information in the possession, custody, or control of Defendant, or that are equally or more readily available to Defendant from parties to this action or otherwise. Instacart objects to this Request because it seeks confidential, financial, proprietary, trade secret, or other competitively sensitive or confidential information. Defendant is a competitor of Instacart, and Instacart may suffer a competitive disadvantage if such information were disclosed. Instacart further objects to this Request as duplicative of Request Nos. 1-4, 6-8 and 10.

**REQUEST FOR PRODUCTION NO. 12:**

All Documents and/or data related to Your inventory of consumer goods and food items during the COVID-19 Pandemic, including but not limited to Documents and/or data reflecting decreasing inventory or out-of-stock consumer goods or food items.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Instacart hereby incorporates its General Objections as if fully set forth herein. Instacart objects to this Request as unduly burdensome to a non-party to the extent that it calls for the

creation of documents or data compilations that do not exist or that are not ordinarily kept in the normal course of business and to the extent that it purports to impose obligations broader than, or inconsistent with, the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and the Local Rules of the District Court for the Western District of Washington, or any applicable Order of this Court, regulation or case law. Instacart objects to this Request as vague and confusing, and to the extent that the burden, expense, and intrusiveness of the request clearly outweighs the likelihood that the information sought will lead to the discovery of admissible evidence, as the request seeks information—namely "[Instacart's] inventory of consumer goods and food items"—that does not exist. Instacart operates a digital platform that provides customers with the ability to order products from nearby retailers for pickup or delivery. Instacart is not a retailer or reseller of products, nor was it during the COVID-19 pandemic. Moreover, this Request is so broad in scope as to be oppressive, including in requesting Instacart review and produce "[a]ll Documents and/or data" related to the Request during the specified time period.

Instacart further objects to this Request to the extent it purports to require Instacart to disclose competitively sensitive, private or personally identifiable information of Instacart and third-party retailers that utilize the Instacart platform. Instacart objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and/or any other applicable privilege or immunity. Instacart objects to the extent that this Request seeks documents or information in the possession, custody, or control of Defendant, or that are equally or more readily available to Defendant from parties to this action or otherwise. Instacart objects to this Request because it seeks confidential, financial, proprietary, trade secret, or other competitively sensitive or confidential information. Defendant is a competitor of Instacart, and Instacart may suffer a competitive disadvantage if such information were disclosed. Instacart further objects to this Request as duplicative of Request Nos. 1-4, 6-8, 10, and 11.

**REQUEST FOR PRODUCTION NO. 13:**

Transactional data for Purchases of Your consumer goods and food items or consumer goods and food items sold by third-parties on your website made between January 1, 2017 and the

present sufficient to show, at least, (i) products sold, (ii) transaction date and time, (iii) SKU, (iv) price, (v) any applicable discount, (vi) identity of the purchaser, (vii) identity of the seller, to the extent that the consumer goods or food items were sold by a third-party on your website, (viii) geographic location of the purchaser and/or the store location from which the purchase was made, (ix) margin, (x) cost of acquisition, (xi) shipping cost, (xii) whether the product is new or used, and (xiii) mode of purchase, e.g., whether the purchase was made instore by the consumer, through a delivery app, through Your website for pickup, or online.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Instacart hereby incorporates its General Objections as if fully set forth herein. Instacart objects to this Request as unduly burdensome to a non-party to the extent that it calls for the creation of documents or data compilations that do not exist or that are not ordinarily kept in the normal course of business and to the extent that it purports to impose obligations broader than, or inconsistent with, the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and the Local Rules of the District Court for the Western District of Washington, or any applicable Order of this Court, regulation or case law. Instacart objects to this Request as vague and confusing, and to the extent that the burden, expense, and intrusiveness of the request clearly outweighs the likelihood that the information sought will lead to the discovery of admissible evidence, as the request seeks information that either does not exist, i.e., "[Instacart's] consumer goods and food items," or is the proprietary information of third-party vendors (and so is more easily and appropriately obtained directly from them), i.e. a product's margin, cost of acquisition, shipping cost, and whether the product is new or used. Instacart operates a digital platform that provides customers with the ability to order products from nearby retailers for pickup and delivery. Retailers with storefronts on Instacart's platform set their own pricing and inventory selection. Instacart is not a retailer or reseller of products and therefore does not maintain its own pricing, nor did it during the Relevant Time Period.

Moreover, this Request is so broad as to scope as to be oppressive, including by requesting eight years' worth of "transactional data" across thirteen separate categories when the Instacart platform hosts thousands of retailers' storefronts, all of which contain their own sets of individual

INSTACART'S OBJECTIONS AND RESPONSES TO SUBPOENA TO PRODUCE DOCUMENTS

data. It is also vague and unclear in requesting data relating to products "sold by third-parties on your website" while also requesting "mode of purchase, e.g., whether the purchase was made instore by the consumer, through a delivery app, through Your website for pickup, or online," and in requesting data in undefined categories such as "margin," "cost of acquisition," and "shipping cost." It is not clear how this Request seeks to measure each of these categories, and how they would apply to Instacart as a digital platform. Instacart further objects to this Request to the extent it purports to require Instacart to disclose competitively sensitive, private or personally identifiable information of Instacart and third-party retailers that utilize the Instacart platform. Instacart objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and/or any other applicable privilege or immunity. Instacart objects to the extent that this Request seeks documents or information in the possession, custody, or control of Defendant, or that are equally or more readily available to Defendant from parties to this action or otherwise. Instacart objects to this Request because it seeks confidential, financial, proprietary, trade secret, or other competitively sensitive or confidential information. Defendant is a competitor of Instacart, and Instacart may suffer a competitive disadvantage if such information were disclosed. Instacart objects to this Request as duplicative of Request Nos. 1-4, 6-8, and 10-12.

**REQUEST FOR PRODUCTION NO. 14:**

All Documents and/or data related to Your analysis of competitors' prices for consumer goods and food items during the COVID-19 Pandemic.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Instacart hereby incorporates its General Objections as if fully set forth herein. Instacart objects to this Request as unduly burdensome to a non-party to the extent that it calls for the creation of documents or data compilations that do not exist or that are not ordinarily kept in the normal course of business and to the extent that it purports to impose obligations broader than, or inconsistent with, the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and the Local Rules of the District Court for the Western District of Washington, or any applicable Order of this Court, regulation or case law. Instacart further objects to this Request as vague and

INSTACART'S OBJECTIONS AND RESPONSES TO SUBPOENA TO PRODUCE DOCUMENTS

ambiguous as to its use of the term "competitors." The Request is not clear as to whether it is referencing Instacart's competitors, Instacart's vendors' competitors, or otherwise. Assuming the Request references Instacart's competitors, Instacart objects to this Request as vague and confusing, and to the extent that the burden, expense, and intrusiveness of the request clearly outweighs the likelihood that the information sought will lead to the discovery of admissible evidence, as the request seeks information—namely "competitors' prices"—that does not exist. Instacart operates a digital platform that provides customers with the ability to order products from nearby retailers for pickup or delivery. Instacart is not a retailer or reseller of products, nor was it during the COVID-19 pandemic.

Moreover, this Request is so broad and unlimited as to scope as to be oppressive, including in requesting "[a]ll Documents" from this time period. Instacart further objects to this Request to the extent it purports to require Instacart to disclose private or personally identifiable information of Instacart and Instacart employees, customers, business partners, or third parties. Instacart objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and/or any other applicable privilege or immunity. Instacart objects to this Request because it seeks confidential, financial, proprietary, trade secret, or other competitively sensitive or confidential information. Defendant is a competitor of Instacart, and Instacart may suffer a competitive disadvantage if such information were disclosed. Instacart objects to this Request as duplicative of Request No. 5.

**REQUEST FOR PRODUCTION NO. 15:**

All Documents and/or Communications related to any policies, procedures, processes, or controls You had in place during the Relevant Time Period related to price gouging, unusual price increases, avoiding inventory shortages or exhaustion, purchase limits for individual products or categories of products, limitations on price increases, and/or fair pricing, including policies governing sales by authorized third-parties, where applicable.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Instacart hereby incorporates its General Objections as if fully set forth herein. Instacart objects to this Request as unduly burdensome to a non-party to the extent that it calls for the

creation of documents or data compilations that do not exist or that are not ordinarily kept in the normal course of business and to the extent that it purports to impose obligations broader than, or inconsistent with, the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and the Local Rules of the District Court for the Western District of Washington, or any applicable Order of this Court, regulation or case law. Instacart objects to this Request as vague and confusing, and to the extent that the burden, expense, and intrusiveness of the request clearly outweighs the likelihood that the information sought will lead to the discovery of admissible evidence, as Instacart operates a digital platform that provides customers with the ability to order products from nearby retailers for pickup or delivery. Instacart is not a retailer or reseller of products, nor was it during the Relevant Time Period. Moreover, this Request is so broad in scope as to be oppressive, including in requesting Instacart review and produce "[a]ll Documents and/or Communications" that could possibly be related to the Request over a span of eight years.

Instacart further objects to this Request to the extent it purports to require Instacart to disclose private or personally identifiable information of Instacart and Instacart employees, customers, business partners, or third parties. Instacart objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and/or any other applicable privilege or immunity. Instacart objects to this Request because it seeks confidential, financial, proprietary, trade secret, or other competitively sensitive or confidential information. Defendant is a competitor of Instacart, and Instacart may suffer a competitive disadvantage if such information were disclosed. Instacart objects to this Request as duplicative of Request Nos. 1-4, 6-8, and 10-13.

**REQUEST FOR PRODUCTION NO. 16:**

All Documents and/or Communications related to any actions taken by You to prevent, remediate and/or remove products that were subject to price gouging and/or unfair pricing, or actions taken by You to manage inventories, including by imposing or removing purchase limits or price caps for products in high demand.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Instacart hereby incorporates its General Objections as if fully set forth herein. Instacart objects to this Request as unduly burdensome to a non-party to the extent that it calls for the creation of documents or data compilations that do not exist or that are not ordinarily kept in the normal course of business and to the extent that it purports to impose obligations broader than, or inconsistent with, the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and the Local Rules of the District Court for the Western District of Washington, or any applicable Order of this Court, regulation or case law. Instacart objects to this Request to the extent the language "prevent, remediate and/or remove products" suggests Instacart has a third-party obligation as a platform to enforce or alter retailers' pricing. Instacart objects to this Request as vague and confusing, and to the extent that the burden, expense, and intrusiveness of the request clearly outweighs the likelihood that the information sought will lead to the discovery of admissible evidence, as Instacart operates a digital platform that provides customers with the ability to order products from nearby retailers for pickup or delivery. Instacart is not a retailer or reseller of products or a mandated regulator of retailers and resellers who may use Instacart's platform, nor was it during the Relevant Time Period. It does not engage in direct sales, pricing, or inventory management of individual products. Moreover, this Request is so broad in scope as to be oppressive, including in requesting Instacart review and produce "[a]ll Documents and/or Communications" that could possibly be related to the Request over a span of eight years.

Instacart further objects to this Request to the extent it purports to require Instacart to disclose competitively sensitive, private or personally identifiable information of Instacart and third-party retailers that utilize the Instacart platform. Instacart objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and/or any other applicable privilege or immunity. Instacart objects to this Request because it seeks confidential, financial, proprietary, trade secret, or other competitively sensitive or confidential information. Defendant is a competitor of Instacart, and Instacart may suffer a competitive disadvantage if such information were disclosed. Instacart objects to this Request as duplicative of Request Nos. 1-4, 6-8, 10-13, and 15.

**REQUEST FOR PRODUCTION NO. 17:**

All data for Your discount offers on consumer goods and food items between January 1, 2017 and the present, in store and online.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Instacart hereby incorporates its General Objections as if fully set forth herein. Instacart objects to this Request as unduly burdensome to a non-party to the extent that it calls for the creation of documents or data compilations that do not exist or that are not ordinarily kept in the normal course of business and to the extent that it purports to impose obligations broader than, or inconsistent with, the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and the Local Rules of the District Court for the Western District of Washington, or any applicable Order of this Court, regulation or case law. Instacart objects to this Request as vague and confusing, and to the extent that the burden, expense, and intrusiveness of the request clearly outweighs the likelihood that the information sought will lead to the discovery of admissible evidence, Instacart operates a digital platform that provides customers with the ability to order products from nearby retailers for pickup or delivery. Instacart is not a retailer or reseller of products, nor was it during the Relevant Time Period. Moreover, this Request is so broad in scope as to be oppressive, including in requesting Instacart review and produce "[a]ll data" related to the Request over a span of eight years.

Instacart further objects to this Request to the extent it purports to require Instacart to disclose competitively sensitive, private or personally identifiable information of Instacart and third-party retailers that utilize the Instacart platform. Instacart objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and/or any other applicable privilege or immunity. Instacart objects to this Request because it seeks confidential, financial, proprietary, trade secret, or other competitively sensitive or confidential information. Defendant is a competitor of Instacart, and Instacart may suffer a competitive disadvantage if such information were disclosed. Instacart further objects to this Request as duplicative of Request Nos. 1-4, 6-8, 10-13, and 15-16.

INSTACART'S OBJECTIONS AND RESPONSES TO SUBPOENA TO PRODUCE DOCUMENTS

Dated:  January 17, 2025

BRAUNHAGEY & BORDEN LLP

By:    /s/ *Adam S. Cashman*
              Adam S. Cashman

747 Front Street, 4th Floor
San Francisco, CA 94111
Tel: (415) 599-0210
Fax: (415) 276-1808

*Attorneys for Maplebear Inc. d/b/a Instacart*

INSTACART'S OBJECTIONS AND RESPONSES TO SUBPOENA TO PRODUCE DOCUMENTS