# EXHIBIT 5

| | |
|---|---|
| **From:** | Valera, Nick |
| **To:** | Marissa Benavides |
| **Cc:** | Freed, Jake; Almeida, MaryAnn; Cox, K"reisa; Sam Reilly; Adam Cashman |
| **Subject:** | RE: Greenberg et al. v. Amazon, Inc. - Amazon Subpoena to Instacart - Follow Up M&C |
| **Date:** | Tuesday, April 28, 2026 11:57:14 PM |
| **Attachments:** | Greenberg - Amazon Letter to Instacart re M&C (4.28.26).pdf |

**\*\*\* EXTERNAL MESSAGE \*\*\***

Marissa,

Please see the attached correspondence. Thank you.

Nick

**Nick Valera**   He/Him/His
**Associate,** Davis Wright Tremaine LLP

**P** 206.757.8323  **E** nickvalera@dwt.com
**A** 920 5th Avenue, Suite 3300, Seattle, WA 98104-1610
**DWT.COM**

**From:** Marissa Benavides <benavides@braunhagey.com>
**Sent:** Wednesday, April 15, 2026 10:16 AM
**To:** Cox, K'reisa <KreisaCox@dwt.com>; Valera, Nick <NickValera@dwt.com>
**Cc:** Freed, Jake <JakeFreed@dwt.com>; Sam Reilly <sreilly@braunhagey.com>; Almeida, MaryAnn <MaryAnnAlmeida@dwt.com>; Adam Cashman <cashman@braunhagey.com>
**Subject:** RE: Greenberg et al. v. Amazon, Inc. - Amazon Subpoena to Instacart - Follow Up M&C

**[EXTERNAL]**

Counsel:

Please see the attached correspondence and let us know when you are available to discuss during the week of April 27.

Thanks,

Marissa R. Benavides
**B R A U N HAGEY & B O R D E N** LLP
Direct: (646) 876-5766

**From:** Cox, K'reisa <KreisaCox@dwt.com>
**Sent:** Thursday, April 2, 2026 7:34 PM
**To:** Marissa Benavides <benavides@braunhagey.com>; Valera, Nick <NickValera@dwt.com>

**Cc:** Freed, Jake <JakeFreed@dwt.com>; Almeida, MaryAnn <MaryAnnAlmeida@dwt.com>; Adam Cashman <cashman@braunhagey.com>
**Subject:** RE: Greenberg et al. v. Amazon, Inc. - Amazon Subpoena to Instacart - Follow Up M&C


**\*\*\* EXTERNAL MESSAGE \*\*\***

Marissa,

Please see the attached correspondence in response to your email below.

Thank you,
K'reisa


**K'reisa Cox**    She/Her/Hers
**Associate,** Davis Wright Tremaine LLP

**P** 206.757.8087  **E** kreisacox@dwt.com
**A** 920 5th Avenue, Suite 3300, Seattle, WA 98104-1610
**DWT.COM**

**From:** Marissa Benavides <benavides@braunhagey.com>
**Sent:** Wednesday, April 1, 2026 10:48 AM
**To:** Cox, K'reisa <KreisaCox@dwt.com>; Valera, Nick <NickValera@dwt.com>
**Cc:** Freed, Jake <JakeFreed@dwt.com>; Almeida, MaryAnn <MaryAnnAlmeida@dwt.com>; Adam Cashman <cashman@braunhagey.com>
**Subject:** RE: Greenberg et al. v. Amazon, Inc. - Amazon Subpoena to Instacart - Follow Up M&C

**[EXTERNAL]**

K'reisa,

First, thank you for the courtesy of waiting for Adam and me to finish our trial. We just wrapped at the end of last week and happily it was a good outcome. Second, I wanted to ask if we are missing any additional correspondence from your side. At the meet and confer we had discussed the possibility that Amazon would consider narrowing the scope of its document requests, but we don't appear to have received anything further from your side. If you sent one, can you please re-send?

Assuming Amazon's position remains as previously stated and has not been updated, we can now provide additional detail regarding the undue burden those document requests would impose on Instacart. Our client's engineering and data team has conducted an inquiry into obtaining the data your client is demanding—namely, all transaction data for every item purchased by every customer through the Instacart platform from January 31, 2020, and October 20, 2022—and has determined that obtaining this data would require an extraordinarily large and time-intensive custom engineering operation requiring:

- Custom configuration of an extraction mechanism—including scoping, building, running, and validating the mechanism—to pull 33 months of platform-wide transactions comprised of hundreds of millions of order-item rows, because no such mechanism currently exists to obtain platform-wide item-level data at this scale;

- Actually running the extraction mechanism over the dataset in portions (because the dataset is so large in the aggregate — some 500 TB — that it is not maintained in one single block); and

- Weeks of fully dedicated work by Instacart's data team, assuming no separate work on any other of Instacart's data demands at the time; when factoring in the data team's regular workload required for maintenance of Instacart's core business, the timeline stretches to months.

There is a further technical limitation in that Instacart does not maintain data fields that map exactly onto the 12 categories you identified in your demands, so it would take additional time and resources to convert the data to a responsive set that maps to the 12 categories in the subpoena.

In short, the burden of responding to this subpoena far outweighs Instacart's third-party obligations here, especially where you confirmed that Amazon successfully subpoenaed most of the underlying vendors whose data you are attempting to collect through this subpoena to Instacart.

We remain willing to confer regarding a substantially narrowed scope of request that does not impose such undue and unreasonable burdens on Instacart. Please let us know if you would like to discuss further.

Thanks,
Marissa


Marissa R. Benavides
**B R A U N H A G E Y & B O R D E N** LLP
Direct: (646) 876-5766

---

**From:** Cox, K'reisa <KreisaCox@dwt.com>
**Sent:** Friday, March 6, 2026 1:09 PM
**To:** Valera, Nick <NickValera@dwt.com>; Marissa Benavides <benavides@braunhagey.com>
**Cc:** Freed, Jake <JakeFreed@dwt.com>; Almeida, MaryAnn <MaryAnnAlmeida@dwt.com>; Adam Cashman <cashman@braunhagey.com>
**Subject:** RE: Greenberg et al. v. Amazon, Inc. - Amazon Subpoena to Instacart - Follow Up M&C

**\*\*\* EXTERNAL MESSAGE \*\*\***

Hi Marissa,

While you said that you would provide us an update by February 27, we still have not received any response from Instacart regarding Amazon's subpoena. We understand that you will be in trial for the rest of the month.

We will give you the professional courtesy of waiting until your trial is complete to declare impasse and file a motion to compel. To avoid that outcome, we need a clear response from Instacart on what it will produce and what it will not produce by April 1. If we do not have such a response by April 1, we will be at an impasse and Amazon will make a motion to compel.

Thank you,

K'reisa

**K'reisa Cox**   She/Her/Hers
**Associate,** Davis Wright Tremaine LLP

**P** 206.757.8087  **E** kreisacox@dwt.com
**A** 920 5th Avenue, Suite 3300, Seattle, WA 98104-1610
**DWT.COM**

**From:** Valera, Nick <NickValera@dwt.com>
**Sent:** Monday, March 2, 2026 10:03 AM
**To:** Marissa Benavides <benavides@braunhagey.com>
**Cc:** Freed, Jake <JakeFreed@dwt.com>; Almeida, MaryAnn <MaryAnnAlmeida@dwt.com>; Cox, K'reisa <KreisaCox@dwt.com>; Adam Cashman <cashman@braunhagey.com>
**Subject:** RE: Greenberg et al. v. Amazon, Inc. - Amazon Subpoena to Instacart - Follow Up M&C

Marissa,

I'm following up on the thread below. You indicated that Instacart would provide an update by Friday, but we have not yet received a response.

As we've discussed, Amazon is seeking Instacart's position on whether it intends to produce responsive information to the subpoena, as well as any proposals for an efficient path to production. We need Instacart's response on these points as soon as possible.

If Instacart does not intend to provide the requested information, or if you believe we have

reached an impasse, please confirm promptly so that we can address next steps—including moving to compel.

We look forward to your response on these issues.

Thank you.

Nick

**Nick Valera**   He/Him/His
**Associate,** Davis Wright Tremaine LLP

**P** 206.757.8323   **E** nickvalera@dwt.com
**A** 920 5th Avenue, Suite 3300, Seattle, WA 98104-1610
**DWT.COM**

**From:** Valera, Nick
**Sent:** Wednesday, February 25, 2026 3:44 PM
**To:** 'Marissa Benavides' <benavides@braunhagey.com>
**Cc:** Freed, Jake <JakeFreed@dwt.com>; Almeida, MaryAnn <MaryAnnAlmeida@dwt.com>; Cox, K'reisa <KreisaCox@dwt.com>; Adam Cashman <cashman@braunhagey.com>
**Subject:** RE: Greenberg et al. v. Amazon, Inc. - Amazon Subpoena to Instacart - Follow Up M&C

Marissa,

Thank you for following up. As we mentioned during our call, we are ultimately seeking Instacart's data for price and availability of consumer goods and food items between January 31, 2020, and October 20, 2022. The court has determined that this information—including from third parties—is "critical" to Amazon's defenses.

Per our November 11, 2025 letter, we ask Instacart to produce specific data fields including, for example, net unit price, unit size, and product description. We understand Instacart might not have data for certain fields, so we are willing to work with Instacart on substitute fields as needed.

To reiterate, the subpoena's request is not limited to a subset of consumer goods or food items like the Tier 1 requests were. Instead, it is for data relating to the price and availability of all consumer goods or food items between January 31, 2020, and October 20, 2022.

Additionally, during our call, you mentioned Instacart believes other retailers' productions to Amazon would provide us with the information that we are requesting from Instacart. We

asked you to provide the basis for Instacart's belief, and we look forward to Instacart's response. That said, we do not see how Instacart's belief could be true.  It is not likely that an Instacart retailer would have the price consummated in the gross transactional value for a customer order completed on Instacart, including the price shown on Instacart, taxes, local fees, customer fees, and other fees.

Additionally, thank you for confirming that Instacart does not have documents responsive to Requests 5-6. Could you confirm that it also does not have documents responsive to Request 7, as well as Requests 15–17?

We look forward to Instacart's update this Friday.

Nick

**Nick Valera**   He/Him/His
**Associate,** Davis Wright Tremaine LLP

**P** 206.757.8323  **E** nickvalera@dwt.com
**A** 920 5th Avenue, Suite 3300, Seattle, WA 98104-1610
**DWT.COM**

**From:** Marissa Benavides <benavides@braunhagey.com>
**Sent:** Tuesday, February 24, 2026 7:19 PM
**To:** Valera, Nick <NickValera@dwt.com>
**Cc:** Freed, Jake <JakeFreed@dwt.com>; Almeida, MaryAnn <MaryAnnAlmeida@dwt.com>; Cox, K'reisa <KreisaCox@dwt.com>; Adam Cashman <cashman@braunhagey.com>
**Subject:** RE: Greenberg et al. v. Amazon, Inc. - Amazon Subpoena to Instacart - Follow Up M&C

[EXTERNAL]

Nick,

Thanks for the call today. As I noted, we're willing to confer with our client again regarding data collection, but before we do that I want to confirm my understanding that Amazon's request is for the unit price and transaction data of every consumer product sold through Instacart from Jan 31, 2020-Oct 21, 2022. Is that correct?

Thanks,
Marissa

Marissa R. Benavides

**BRAUNHAGEY & BORDEN LLP**
Direct: (646) 876-5766

---

**From:** Valera, Nick <NickValera@dwt.com>
**Sent:** Wednesday, February 18, 2026 2:20 PM
**To:** Marissa Benavides <benavides@braunhagey.com>
**Cc:** Freed, Jake <JakeFreed@dwt.com>; Almeida, MaryAnn <MaryAnnAlmeida@dwt.com>; Cox, K'reisa <KreisaCox@dwt.com>; Adam Cashman <cashman@braunhagey.com>
**Subject:** RE: Greenberg et al. v. Amazon, Inc. - Amazon Subpoena to Instacart - Follow Up M&C

**\*\*\* EXTERNAL MESSAGE \*\*\***

Marissa,

That's fine, but we will need Instacart's responses to the points from our February 3 call as well as an expected production date. I will follow up with our availability next Tuesday.

Nick

**Nick Valera**    He/Him/His
**Associate,** Davis Wright Tremaine LLP

**P** 206.757.8323  **E** nickvalera@dwt.com
**A** 920 5th Avenue, Suite 3300, Seattle, WA 98104-1610
**DWT.COM**

---

**From:** Marissa Benavides <benavides@braunhagey.com>
**Sent:** Wednesday, February 18, 2026 10:31 AM
**To:** Valera, Nick <NickValera@dwt.com>
**Cc:** Freed, Jake <JakeFreed@dwt.com>; Almeida, MaryAnn <MaryAnnAlmeida@dwt.com>; Cox, K'reisa <KreisaCox@dwt.com>; Adam Cashman <cashman@braunhagey.com>
**Subject:** RE: Greenberg et al. v. Amazon, Inc. - Amazon Subpoena to Instacart - Follow Up M&C

**[EXTERNAL]**

Nick,

Our client is still in the process of running down certain information regarding data storage and accessibility to facilitate our discussion. We're aiming to have additional information as soon as possible, but as of right now we don't have an update for a further meet and confer. Can we push to next Tuesday? I'm free from 12-2pm ET and 3:30-5pm ET that day.

Thanks,

Marissa

Marissa R. Benavides
**BRAUNHAGEY & BORDEN** LLP
Direct: (646) 876-5766

---

**From:** Valera, Nick <NickValera@dwt.com>
**Sent:** Tuesday, February 3, 2026 5:00 PM
**To:** Marissa Benavides <benavides@braunhagey.com>
**Cc:** Freed, Jake <JakeFreed@dwt.com>; Almeida, MaryAnn <MaryAnnAlmeida@dwt.com>; Cox, K'reisa <KreisaCox@dwt.com>; Adam Cashman <cashman@braunhagey.com>
**Subject:** RE: Greenberg et al. v. Amazon, Inc. - Amazon Subpoena to Instacart - Follow Up M&C

**\*\*\* EXTERNAL MESSAGE \*\*\***

Marissa,

Thank you for taking the time to discuss Amazon's subpoena today. As we discussed, Amazon is now seeking all Tier 1 and Tier 2 requests in Amazon's subpoena to Instacart in accordance with the court's discovery orders attached to our November 11, 2025 letter to you.

A few other notes from our call:

- We requested that you confirm with your client whether it has responsive documents to Request Nos. 6-7.
- As I explained, as part of Request No. 13, we are seeking price and availability of all consumer goods and food items sold by third parties on Instacart's website during the relevant period.
- Per the Request, and our November 11, 2025 letter, we are seeking transactional level data (e.g., transaction date, units sold, etc.)—we can work with Instacart to determine the best way to produce this data from Instacart.
- You said you will need to check with your client regarding a response to Amazon's requests.

Consistent with the court's orders, this information is highly relevant to Amazon's defenses against Plaintiffs' lawsuit. Accordingly, we need Instacart to provide its production as soon as possible. While we are in the process of compelling other third parties, we would prefer to work with Instacart and to avoid having to go to the court for its production.

Given that you said you are out next week, we look forward to discussing on February 18, 2026, at 3pm EST. Thanks, again, for your time.

Nick


**Nick Valera**    He/Him/His
**Associate,** Davis Wright Tremaine LLP

**P** 206.757.8323  **E** nickvalera@dwt.com
**A** 920 5th Avenue, Suite 3300, Seattle, WA 98104-1610
**DWT.COM**

---

**From:** Marissa Benavides <benavides@braunhagey.com>
**Sent:** Friday, January 23, 2026 1:29 PM
**To:** Valera, Nick <NickValera@dwt.com>
**Cc:** Freed, Jake <JakeFreed@dwt.com>; Almeida, MaryAnn <MaryAnnAlmeida@dwt.com>; Cox, K'reisa <KreisaCox@dwt.com>; Adam Cashman <cashman@braunhagey.com>
**Subject:** RE: Greenberg et al. v. Amazon, Inc. - Amazon Subpoena to Instacart - Follow Up M&C

---

**[EXTERNAL]**

---

Nick,

I'm unavailable during those times, but can connect on Monday, February 2 from 11am-2pm PT or Tuesday, February 3 from 12pm-2pm PT. Let me now if either of those times work.


Thanks,
Marissa

Marissa R. Benavides
**BRAUNHAGEY & BORDEN** LLP
Direct: (646) 876-5766

---

**From:** Valera, Nick <NickValera@dwt.com>
**Sent:** Wednesday, January 21, 2026 3:34 PM
**To:** Marissa Benavides <benavides@braunhagey.com>
**Cc:** Freed, Jake <JakeFreed@dwt.com>; Almeida, MaryAnn <MaryAnnAlmeida@dwt.com>; Cox, K'reisa <KreisaCox@dwt.com>; Adam Cashman <cashman@braunhagey.com>; Laura Shapiro <lshapiro@braunhagey.com>
**Subject:** RE: Greenberg et al. v. Amazon, Inc. - Amazon Subpoena to Instacart - Follow Up M&C


**\*\*\* EXTERNAL MESSAGE \*\*\***

Marissa,

We still have not received any response to Amazon's November 11, 2025 letter to Instacart regarding its subpoena's tier 2 requests. Please let us know your availability for the following dates and times to meet and confer regarding Amazon's subpoena to Instacart:

January 29: 9-10am PST; 12-4pm PST

January 30: 9am-10:30am; 2:30-4pm PST

Thank you.

Nick

**Nick Valera**    He/Him/His
**Associate,** Davis Wright Tremaine LLP

**P** 206.757.8323  **E** nickvalera@dwt.com
**A** 920 5th Avenue, Suite 3300, Seattle, WA 98104-1610
**DWT.COM**

**From:** Valera, Nick
**Sent:** Tuesday, December 23, 2025 3:55 PM
**To:** Marissa Benavides <benavides@braunhagey.com>
**Cc:** Almeida, MaryAnn <MaryAnnAlmeida@dwt.com>; Freed, Jake <JakeFreed@dwt.com>; Cox, K'reisa <KreisaCox@dwt.com>; Adam Cashman <cashman@braunhagey.com>; Laura Shapiro <lshapiro@braunhagey.com>
**Subject:** RE: Greenberg et al. v. Amazon, Inc. - Amazon Subpoena to Instacart - Follow Up M&C

Marissa,

Thank you for the update, we understand the holidays are an especially busy time. We will plan to talk to you regarding Amazon's subpoena, and its Tier 2 requests, in the first couple weeks of January.

Please note that Amazon requested for Instacart to produce documents in response to its Tier 2 requests in the subpoena within 30 days of receipt of its letter emailed on November 12, 2025. We look forward to discussing.

Happy holidays!

Nick

**Nick Valera**   He/Him/His
**Associate,** Davis Wright Tremaine LLP

**P** 206.757.8323  **E** nickvalera@dwt.com
**A** 920 5th Avenue, Suite 3300, Seattle, WA 98104-1610
**DWT.COM**

---

**From:** Marissa Benavides <benavides@braunhagey.com>
**Sent:** Monday, December 8, 2025 1:31 PM
**To:** Valera, Nick <NickValera@dwt.com>
**Cc:** Almeida, MaryAnn <MaryAnnAlmeida@dwt.com>; Freed, Jake <JakeFreed@dwt.com>; Cox,
K'reisa <KreisaCox@dwt.com>; Adam Cashman <cashman@braunhagey.com>; Laura Shapiro
<lshapiro@braunhagey.com>
**Subject:** RE: Greenberg et al. v. Amazon, Inc. - Amazon Subpoena to Instacart - Follow Up M&C

**[EXTERNAL]**

---

Nick,

Thanks for following up. Our team is heads down this month on a couple major matters. We'll
get back to you on this after the holidays.

Best,
Marissa

Marissa R. Benavides
B R A U N **H A G E Y** & B O R D E N ᴸᴸᴾ
Direct: (646) 876-5766

---

**From:** Valera, Nick <NickValera@dwt.com>
**Sent:** Monday, December 1, 2025 1:58 PM
**To:** Marissa Benavides <benavides@braunhagey.com>
**Cc:** Almeida, MaryAnn <MaryAnnAlmeida@dwt.com>; Freed, Jake <JakeFreed@dwt.com>; Cox,
K'reisa <KreisaCox@dwt.com>; Adam Cashman <cashman@braunhagey.com>; Laura Shapiro
<lshapiro@braunhagey.com>
**Subject:** RE: Greenberg et al. v. Amazon, Inc. - Amazon Subpoena to Instacart - Follow Up M&C

**\*\*\* EXTERNAL MESSAGE \*\*\***

Marissa,

I hope you had a good Thanksgiving. We have not received any response from Instacart regarding our recent letter requesting for Instacart to comply with Amazon's Subpoena's Tier 2 requests for the *Greenberg* lawsuit. Could you let me know if Instacart plans to comply with Amazon's request, and if so, by when? If you would like to discuss, please let me know your availability for later this week. Thank you.

Nick

**Nick Valera**    He/Him/His
**Associate,** Davis Wright Tremaine LLP

**P** 206.757.8323  **E** nickvalera@dwt.com
**A** 920 5th Avenue, Suite 3300, Seattle, WA 98104-1610
**DWT.COM**

**From:** Valera, Nick
**Sent:** Wednesday, November 12, 2025 7:55 AM
**To:** Marissa Benavides <benavides@braunhagey.com>
**Cc:** Almeida, MaryAnn <MaryAnnAlmeida@dwt.com>; Freed, Jake <JakeFreed@dwt.com>; Cox, K'reisa <KreisaCox@dwt.com>; Adam Cashman <cashman@braunhagey.com>; Laura Shapiro <lshapiro@braunhagey.com>
**Subject:** RE: Greenberg et al. v. Amazon, Inc. - Amazon Subpoena to Instacart - Follow Up M&C

Marissa,

Please see the attached correspondence. Amazon is now requesting that Instacart comply with Amazon's subpoena's Tier 2 requests. These requests are for a broader range of products and related data. Based on our prior conversations, we understand that Instacart does not set pricing for third parties' products that are sold over its website. But we would like to discuss these additional requests, as well as follow up on your promise to investigate further into our Tier 1 requests, including Requests No. 6-7. Please let us know your availability to confer on Amazon's requests early next week. Thank you.

Nick

**Nick Valera**    He/Him/His
**Associate,** Davis Wright Tremaine LLP

**P** 206.757.8323  **E** nickvalera@dwt.com
**A** 920 5th Avenue, Suite 3300, Seattle, WA 98104-1610
**DWT.COM**

**From:** Valera, Nick
**Sent:** Friday, July 18, 2025 4:05 PM

**To:** Marissa Benavides <benavides@braunhagey.com>
**Cc:** Adam Cashman <cashman@braunhagey.com>; Almeida, MaryAnn <MaryAnnAlmeida@dwt.com>; Mehta, Shalika <ShalikaMehta@dwt.com>; Laura Shapiro <lshapiro@braunhagey.com>
**Subject:** RE: Greenberg et al. v. Amazon, Inc. - Amazon Subpoena to Instacart - Follow Up M&C

Hi Marissa,

In short, we disagree with your characterization of Amazon's discovery efforts—I can assure you that we have sought information from literally hundreds of retailers to gather relevant information for Amazon's defenses. Regarding your statement of our "sporadic demands," our desire has been to minimize any burden on third parties (hence, the reason that we reserved without demanding responses to our requests for the subpoenas' second tier products in the first place). That said, we are evaluating the court's orders, entered today. In the meantime, could you please give us an update on your investigation mentioned below, in number 2?

Thank you.

Nick

**Nick Valera**     He/Him/His
**Associate,** Davis Wright Tremaine LLP

**P** 206.757.8323  **E** nickvalera@dwt.com
**A** 920 5th Avenue, Suite 3300, Seattle, WA 98104-1610
**DWT.COM**

---

**From:** Marissa Benavides <benavides@braunhagey.com>
**Sent:** Wednesday, July 2, 2025 11:34 AM
**To:** Valera, Nick <NickValera@dwt.com>
**Cc:** Adam Cashman <cashman@braunhagey.com>; Almeida, MaryAnn <MaryAnnAlmeida@dwt.com>; Mehta, Shalika <ShalikaMehta@dwt.com>; Laura Shapiro <lshapiro@braunhagey.com>
**Subject:** RE: Greenberg et al. v. Amazon, Inc. - Amazon Subpoena to Instacart - Follow Up M&C

[EXTERNAL]

---

Nick,

Thanks for your email. We are surprised to receive a follow up request from you after our discussions and resolution of this subpoena six months ago. As you know, Instacart is not a retailer or seller of products, and as such has no information to provide relating to your requests focused on pricing and product offerings. To the extent you are seeking burdensome data from Instacart relating to *third*

*party* retailers' transactions, you have also not explained why you cannot obtain that information from the retailers themselves. Moreover, it appears from our prior discussions that you are focused in part on non-grocery products such as bleach, flea & tick spray, and disinfecting wipes. As the majority of retailers on the Instacart platform sell grocery items, this request is even more far afield. We can only conclude from your sporadic demands and requests for information Instacart simply does not have that Amazon does not have serious need for the information demanded, or alternatively, that it has not yet sought production of that information from the primary sources.

In any event, we would like to clarify a few points in your email.

1. You state "[I]t appears that we are not going to make any progress at this time for Amazon's requests for documents related to Instacart's pricing of the Tier 1 products." Your statement appears to deliberately ignore what we have spent six months telling you (which you previously acknowledged)—*viz.,* that Instacart does not "price [] Tier 1 products." We cannot be at an impasse on this RFP when we have confirmed to you in our subpoena objections, by email, and through meet-and-confer that Instacart does not have documents relating to something it does not do.

2. As you note, Amazon has not previously sought to meet and confer on RFPs 6 and 7. We consider this Amazon's first effort to do so. Based on our initial investigation, we do not believe Instacart has documents "related to price gouging, unusual price increases," including "fair pricing, including policies governing sales by authorized third-parties. . . ." We are continuing our investigation and will let you know if our understanding changes in any material respect.

3. Regarding RFP No. 4, we already explained the inappropriate nature of the request during our prior meet-and-confer, which we repeat here. Amazon cannot burden Instacart with a subpoena demanding the confidential transactional data of nonparty, third-party retailers who use the Instacart platform when the appropriate targets for such a subpoena are the third-party retailers themselves. You advised during our meet-and-confer that Amazon has served some hundred plus subpoenas to nonparty retailers in relation to this action. Amazon should pursue those subpoenas rather than burdening Instacart with demands for third-party data.

   We advised you of this position previously, yet your message fails to address it.  Instead, your response cites inapposite case law and fails to offer any compelling reason why Instacart should bear that burden in light of Amazon's failure to seek this information from the retailers themselves. That is improper. Under Rule 26, a court must limit discovery if it is unreasonably duplicative, if it can be obtained from a source that is more convenient or less burdensome, or if the burden of producing it outweighs its likely benefit. Fed. R. Civ. P. 26(b)(2)(C). And "[t]he Ninth Circuit has long held that nonparties subject to discovery requests deserve extra protection from the courts." *Lemberg Law LLC v. Hussin*, 2016 WL 3231300, at *5 (N.D. Cal. June 13, 2016) (citation omitted). Rule 45 also specifically instructs that a party "must

take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1).

Amazon's demand that Instacart locate, compile, and produce years of transactional data pertaining to potentially hundreds of nonparty retailers—to the extent that data is available—runs afoul of Rule 45's limitations both on grounds of burden to Instacart and violation of Instacart's business relationships with those nonparty retailers. This burden is particularly heavy when you consider the tens of thousands of non-Tier 1 products sold by retailers that Instacart would have to parse to locate any data on the products you seek. And you still have not clarified whether Amazon has sought the demanded data from those nonparty retailers in the first instance, as it is required to do.

We trust this resolves your follow-up inquiry, and you will seek any further discovery from more appropriate parties (*i.e.,* entities that actually sell products and set prices), rather than continuing to burden Instacart. Should you have any follow-up concerns, we require that you provide in writing your position in response to all issues raised in this and prior correspondence to avoid further inefficiencies and waste of resources.

Regards,

Marissa R. Benavides
**BRAUNHAGEY & BORDEN** LLP
Direct: (646) 876-5766

---

**From:** Valera, Nick <NickValera@dwt.com>
**Sent:** Wednesday, June 4, 2025 7:11 PM
**To:** Laura Shapiro <lshapiro@braunhagey.com>; Marissa Benavides <benavides@braunhagey.com>
**Cc:** Adam Cashman <cashman@braunhagey.com>; Almeida, MaryAnn <MaryAnnAlmeida@dwt.com>; Olivia Smith <osmith@braunhagey.com>; Mehta, Shalika <ShalikaMehta@dwt.com>
**Subject:** RE: Greenberg et al. v. Amazon, Inc. - Amazon Subpoena to Instacart - Follow Up M&C

**\*\*\* EXTERNAL MESSAGE \*\*\***

Laura,

I hope you have been well. Unfortunately, we do not yet have an order from the Court narrowing the scope of discovery in this case. There is a pending motion for protective order from a nonparty recipient and Amazon has moved to compel discovery from Plaintiff's nonparty relations.

So Amazon is moving forward with collecting documents responsive to Amazon's subpoena,

including to Instacart. Based on your former emails, after our one meet and confer, I think it's best to clarify where we are in this process.

First, it appears that we are not going to make any progress at this time for Amazon's requests for documents related to Instacart's pricing of the Tier 1 products. We understand that we are at an impasse on this RFP, but please let me know if you disagree.

Second, we have not substantively discussed, and your prior emails have not addressed, Amazon's other requests, including its request for Instacart's records relating to price gouging (RFPs 6, 7) including documents related to policies Instacart had in place "related to price gouging, unusual price increases," including "fair pricing, including policies governing sales by authorized third-parties. . . ." If Instacart did not have policies relating to price gouging, including for sales by **third-parties** on its website, please confirm this. Instacart's objections do not state Instacart does not have this information.

Third, we believe Instacart has documents responsive to RFP 4. This RFP requests "[t]ransactional data for Purchases of the Tier 1 Products sold by ... **third-parties** on your website," including for information related to the identity of the purchaser,  products sold, and the location of purchasers. Instacart's objections to this RFP state that "the requests [sic] seeks information that does not exist ... or is the proprietary information of third-party vendors. . . ." Your responses have not addressed RFP 4. Please clarify what "proprietary information" Instacart has of third-party vendors.

Finally, your prior emails suggest that Instacart was accidentally included in Amazon's subpoenas. Instacart was targeted on the belief that it has relevant information to the subpoena's request. Additionally, your objections and former emails raise burden on Instacart as a nonparty. But "[a] non-party witness is subject to the same scope of discovery under Rule 45 as would be a party to whom a request is addressed pursuant to Rule 34." *Henry v. IAC/InterActive Grp.*, No. C05-1510RSM, 2007 WL 9775385, at *1 (W.D. Wash. July 12, 2007). You have not proposed any modification to the subpoenas, but Amazon is open to discussing how to minimize their burden.

You also state in your communications that you do not believe Instacart has information "directly relevant" to its litigation. As you know, "directly relevant" is not the standard for a Rule 45 subpoena—Amazon has a right to request the *relevant* information in its subpoena, and Instacart has an obligation to produce that relevant information. Again, we are happy to work with you to minimize any burden on Instacart for its responses—but we intend to collect documents responsive to the subpoena as is Amazon's right.

Please provide us with your responses in writing by next Friday, June 13th. Once we have that baseline, we would be happy to discuss potential modifications.

Thank you.

Nick

**Nick Valera**    He/Him/His
**Associate,** Davis Wright Tremaine LLP

**P** 206.757.8323  **E** nickvalera@dwt.com
**A** 920 5th Avenue, Suite 3300, Seattle, WA 98104-1610
**DWT.COM**

**From:** Laura Shapiro <lshapiro@braunhagey.com>
**Sent:** Tuesday, April 15, 2025 4:26 PM
**To:** Valera, Nick <NickValera@dwt.com>; Marissa Benavides <benavides@braunhagey.com>
**Cc:** Adam Cashman <cashman@braunhagey.com>; Almeida, MaryAnn <MaryAnnAlmeida@dwt.com>; Olivia Smith <osmith@braunhagey.com>; Mehta, Shalika <ShalikaMehta@dwt.com>
**Subject:** Re: Greenberg et al. v. Amazon, Inc. - Amazon Subpoena to Instacart - Follow Up M&C

**[EXTERNAL]**

Nick,

We're willing to meet and confer next week but are concerned with Amazon's shifting positions regarding the information it claims to be seeking. This is the first time you have referred to 'fees' as purportedly relevant information—you didn't raise it on our last meet and confer nor did you request information about 'fees' anywhere in your subpoena. We don't see any basis on which Amazon can demand information about Instacart's fees, nor do we understand how Instacart's service fees are relevant to Amazon's discovery into vendors' direct pricing of Tier 1 products.

More broadly,  we have engaged in good faith despite it being abundantly clear from our interactions that Amazon's subpoena to Instacart is not grounded in any informed inquiry but rather a byproduct of its issuance of hundreds of third-party subpoenas to any business that touched the products at issue. We had hoped that Amazon would understand by this point that Instacart does not have information that is directly relevant to your litigation or that is of sufficient uniqueness and value that it justifies imposing a multi-year production burden on us as a non-party.

While we're willing to meet and confer again, we expect you to set forth the entirety of what you are currently seeking from Instacart so that we can evaluate appropriately. It is not conducive to go back and forth in this manner, considering Instacart is a non-party. Please provide dates and times next week that you and your team are available to discuss further.

Regards,

Laura

Laura Shapiro

**B R A U N HAGEY & B O R D E N** LLP
Direct: (415) 796-0701

---

**From:** Valera, Nick <NickValera@dwt.com>
**Sent:** Monday, April 14, 2025 5:10 PM
**To:** Laura Shapiro <lshapiro@braunhagey.com>; Marissa Benavides <benavides@braunhagey.com>
**Cc:** Adam Cashman <cashman@braunhagey.com>; Almeida, MaryAnn <MaryAnnAlmeida@dwt.com>; Olivia Smith <osmith@braunhagey.com>; Mehta, Shalika <ShalikaMehta@dwt.com>
**Subject:** RE: Greenberg et al. v. Amazon, Inc. - Amazon Subpoena to Instacart - Follow Up M&C

**\*\*\* EXTERNAL MESSAGE \*\*\***

Laura,

Thanks for your response. We understand that Instacart provides an online platform for third party sellers to sell products, and it collects a fee on purchases.  As such, we understand Instacart's fees to affect the ultimate price a customer pays for a product he or she purchases via Instacart. And based on a current search of Instacart's website, it appears to offer via various retailers – and presumptively collect fees for – Tier 1 products. This information is responsive to Amazon's subpoena.

Even if that were not the case, we think Instacart would at least have information responsive, for example, to RFP No. 4.

We request to meet and confer again.  Please let us know your availability for later this week or

early next week.

Nick

**Nick Valera**   He/Him/His
**Associate,** Davis Wright Tremaine LLP

**P** 206.757.8323  **E** nickvalera@dwt.com
**A** 920 5th Avenue, Suite 3300, Seattle, WA 98104-1610
**DWT.COM**

---

**From:** Laura Shapiro <lshapiro@braunhagey.com>
**Sent:** Thursday, March 27, 2025 3:47 PM
**To:** Valera, Nick <NickValera@dwt.com>; Marissa Benavides <benavides@braunhagey.com>
**Cc:** Adam Cashman <cashman@braunhagey.com>; Almeida, MaryAnn <MaryAnnAlmeida@dwt.com>; Olivia Smith <osmith@braunhagey.com>; Mehta, Shalika <ShalikaMehta@dwt.com>
**Subject:** Re: Greenberg et al. v. Amazon, Inc. - Amazon Subpoena to Instacart - Follow Up M&C

---

**[EXTERNAL]**

Hi Nick,

We're concerned from your email that there may still be some misunderstanding regarding Instacart's business model. Given you were not familiar with Instacart prior to our phone conversation, we want to make sure we're clear: Instacart is not a product vendor. As we explained in our objections and again in our phone conversation, Instacart does not "offer products" to consumers. Instead, Instacart offers a means to place delivery and pick-up orders with product vendors. Those vendors choose which products to offer and the price at which they offer them. **Instacart does not directly price and sell products.**

Nevertheless, we offered to have our client review its internal records to determine whether it directly affected the prices of the specific Tier 1 products during the relevant time period. Our client has completed its review and has confirmed that it did not directly affect the price of the Tier 1 products.

We understand that this information resolves the matter of the subpoena for the time being. Please let us know if you have any further questions.

Thanks,

Laura

Laura Shapiro

**B R A U N HAGEY & B O R D E N** LLP
Direct: (415) 796-0701

---

**From:** Valera, Nick <NickValera@dwt.com>
**Sent:** Friday, March 21, 2025 5:57 PM
**To:** Laura Shapiro <lshapiro@braunhagey.com>; Marissa Benavides <benavides@braunhagey.com>
**Cc:** Adam Cashman <cashman@braunhagey.com>; Almeida, MaryAnn <MaryAnnAlmeida@dwt.com>; Olivia Smith <osmith@braunhagey.com>; Mehta, Shalika <ShalikaMehta@dwt.com>
**Subject:** RE: Greenberg et al. v. Amazon, Inc. - Amazon Subpoena to Instacart - Follow Up M&C

**\*\*\* EXTERNAL MESSAGE \*\*\***

Laura,

Thank you for your follow-up email.  As we have stated, while reserve all of our requests under the subpoena to Instacart for Tier 1 and Tier 2 products, for now, we are just seeking information regarding the Tier 1 products.

We understand your position that Instacart acts as an intermediary between retailers and consumers for the sale of products. You said you would confirm whether Instacart affects prices of products it offers on its platform, specifically, Tier 1 products.

I am not tracking your statement regarding "direct pricing" and "third parties," because if Instacart affected pricing of any Tier 1 products listed on its platform during the relevant period, we would like to discuss.

We look forward to reconnecting next week.

Thank you.

Nick

**Nick Valera**    He/Him/His

**Associate,** Davis Wright Tremaine LLP

**P** 206.757.8323  **E** nickvalera@dwt.com
**A** 920 5th Avenue, Suite 3300, Seattle, WA 98104-1610
**DWT.COM**

---

**From:** Laura Shapiro <lshapiro@braunhagey.com>
**Sent:** Tuesday, March 18, 2025 1:11 PM
**To:** Valera, Nick <NickValera@dwt.com>; Marissa Benavides <benavides@braunhagey.com>
**Cc:** Adam Cashman <cashman@braunhagey.com>; Almeida, MaryAnn <MaryAnnAlmeida@dwt.com>; Olivia Smith <osmith@braunhagey.com>; Mehta, Shalika <ShalikaMehta@dwt.com>; Almeida, MaryAnn <MaryAnnAlmeida@dwt.com>; Mehta, Shalika <ShalikaMehta@dwt.com>
**Subject:** Greenberg et al. v. Amazon, Inc. - Amazon Subpoena to Instacart - Follow Up M&C

**[EXTERNAL]**

Hi Nick and Shalika,

Thanks for taking the time to meet just now. Please allow this email to serve as a memorialization of our conversation.

We explained that Instacart operates a digital platform that provides customers with the ability to order products from nearby retailers for pickup and delivery. Retailers with storefronts on Instacart's platform set their own pricing and inventory selection. Instacart is not a retailer or reseller of products, nor was it during the COVID-19 pandemic.

You confirmed that Amazon is currently seeking direct pricing information regarding Tier 1 products and, at this time, does not intend to seek additional documents or information from third parties that did not directly price or sell Tier 1 products. With that understanding, we have agreed to go back to our client on the question of whether Instacart has ever had any role in the direct pricing of Tier 1 products.

We will circle back next week.

Thank you,

Laura

Laura Shapiro

**BRAUNHAGEY & BORDEN** LLP

Direct: (415) 796-0701

---

**From:** Valera, Nick <NickValera@dwt.com>
**Sent:** Tuesday, March 18, 2025 6:42 AM
**To:** Marissa Benavides <benavides@braunhagey.com>
**Cc:** Adam Cashman <cashman@braunhagey.com>; Laura Shapiro <lshapiro@braunhagey.com>; Almeida, MaryAnn <MaryAnnAlmeida@dwt.com>; Olivia Smith <osmith@braunhagey.com>; Mehta, Shalika <ShalikaMehta@dwt.com>; Almeida, MaryAnn <MaryAnnAlmeida@dwt.com>; Mehta, Shalika <ShalikaMehta@dwt.com>
**Subject:** RE: Greenberg et al. v. Amazon, Inc. - Amazon Subpoena to Instacart

**\*\*\* EXTERNAL MESSAGE \*\*\***

Great, thank you.

**Nick Valera**   He/Him/His
**Associate,** Davis Wright Tremaine LLP

**P** 206.757.8323  **E** nickvalera@dwt.com
**A** 920 5th Avenue, Suite 3300, Seattle, WA 98104-1610
**DWT.COM**

---

**From:** Marissa Benavides <benavides@braunhagey.com>
**Sent:** Tuesday, March 18, 2025 6:41 AM
**To:** Valera, Nick <NickValera@dwt.com>
**Cc:** Adam Cashman <cashman@braunhagey.com>; Laura Shapiro <lshapiro@braunhagey.com>; Almeida, MaryAnn <MaryAnnAlmeida@dwt.com>; Olivia Smith <osmith@braunhagey.com>; Mehta, Shalika <ShalikaMehta@dwt.com>; Almeida, MaryAnn <MaryAnnAlmeida@dwt.com>; Mehta, Shalika <ShalikaMehta@dwt.com>
**Subject:** Re: Greenberg et al. v. Amazon, Inc. - Amazon Subpoena to Instacart

**[EXTERNAL]**

Noon today still works. My colleague Laura Shapiro will be joining so please include her in the calendar invite.

Thanks,
Marissa

Marissa R. Benavides
**B R A U N H A G E Y & B O R D E N** LLP
Direct: (646) 876-5766

**New York**

118 W 22nd Street, 12th Floor
New York, NY 10011
Tel. (646) 829-9403
Fax. (646) 403-4089

**San Francisco**

747 Front Street, 4th Floor
San Francisco, CA 94111
Tel: (415) 599-0210
Fax: (415) 276-1808

This message is intended only for the confidential use of the intended recipient(s) and may contain protected information that is subject to attorney-client, work product, joint defense and/or other legal privileges.  If you are not the intended recipient, please contact me immediately at the phone number listed above and permanently delete the original message and any copies thereof from your email system.  Thank you.

On Mar 18, 2025, at 9:38 AM, Valera, Nick <NickValera@dwt.com> wrote:

**\*\*\* EXTERNAL MESSAGE \*\*\***

Thanks, Marissa. I can do noon today. If that has filled up for you, I am also wide open tomorrow.

**Nick Valera**     He/Him/His
**Associate,** Davis Wright Tremaine LLP

**P** 206.757.8323  **E** nickvalera@dwt.com
**A** 920 5th Avenue, Suite 3300, Seattle, WA 98104-1610
**DWT.COM**

**From:** Marissa Benavides <Benavides@braunhagey.com>
**Sent:** Monday, March 17, 2025 9:09 AM
**To:** Valera, Nick <NickValera@dwt.com>; Adam Cashman <cashman@braunhagey.com>; Laura Shapiro <lshapiro@braunhagey.com>
**Cc:** Almeida, MaryAnn <MaryAnnAlmeida@dwt.com>; Olivia Smith <osmith@braunhagey.com>; Mehta, Shalika <ShalikaMehta@dwt.com>
**Subject:** RE: Greenberg et al. v. Amazon, Inc. - Amazon Subpoena to Instacart

**[EXTERNAL]**

Nick,

I forgot you're on PT time. I have a conflict at 11am PDT but can do 10am or 12pm.

Thanks,
Marissa

Marissa R. Benavides
**B R A U N H A G E Y & B O R D E N** LLP
Direct: (646) 876-5766

---

**From:** Valera, Nick <NickValera@dwt.com>
**Sent:** Monday, March 17, 2025 10:52 AM
**To:** Marissa Benavides <Benavides@braunhagey.com>; Adam Cashman <cashman@braunhagey.com>; Laura Shapiro <lshapiro@braunhagey.com>
**Cc:** Almeida, MaryAnn <MaryAnnAlmeida@dwt.com>; Olivia Smith <osmith@braunhagey.com>; Mehta, Shalika <ShalikaMehta@dwt.com>
**Subject:** RE: Greenberg et al. v. Amazon, Inc. - Amazon Subpoena to Instacart

**\*\*\* EXTERNAL MESSAGE \*\*\***

Marissa,

Thank you. Could we do tomorrow at 11 A.M. PST?

Best,
Nick

**Nick Valera**    He/Him/His
**Associate,** Davis Wright Tremaine LLP

**P** 206.757.8323  **E** nickvalera@dwt.com
**A** 920 5th Avenue, Suite 3300, Seattle, WA 98104-1610
**DWT.COM**

---

**From:** Marissa Benavides <Benavides@braunhagey.com>
**Sent:** Monday, March 10, 2025 3:02 PM
**To:** Valera, Nick <NickValera@dwt.com>; Adam Cashman <cashman@braunhagey.com>; Laura Shapiro <lshapiro@braunhagey.com>
**Cc:** Almeida, MaryAnn <MaryAnnAlmeida@dwt.com>; Olivia Smith <osmith@braunhagey.com>; Mehta, Shalika <ShalikaMehta@dwt.com>
**Subject:** RE: Greenberg et al. v. Amazon, Inc. - Amazon Subpoena to Instacart

**[EXTERNAL]**

Nick,

At the risk of approaching scheduling comedy I am unfortunately off on Friday. My next blocks of availability are Monday 9-11am and Tuesday 9am-1pm.

Thanks,
Marissa

Marissa R. Benavides
**B R A U N HAGEY & B O R D E N** LLP
Direct: (646) 876-5766

---

**From:** Valera, Nick <NickValera@dwt.com>
**Sent:** Monday, March 10, 2025 5:27 PM
**To:** Marissa Benavides <Benavides@braunhagey.com>; Adam Cashman <cashman@braunhagey.com>; Laura Shapiro <lshapiro@braunhagey.com>
**Cc:** Almeida, MaryAnn <MaryAnnAlmeida@dwt.com>; Olivia Smith <osmith@braunhagey.com>; Mehta, Shalika <ShalikaMehta@dwt.com>
**Subject:** RE: Greenberg et al. v. Amazon, Inc. - Amazon Subpoena to Instacart

**\*\*\* EXTERNAL MESSAGE \*\*\***

Marissa,

Our firm has its retreat this week starting on Wednesday. Do you have any availability on Friday?

Nick

**Nick Valera**   He/Him/His
**Associate,** Davis Wright Tremaine LLP

**P** 206.757.8323  **E** nickvalera@dwt.com
**A** 920 5th Avenue, Suite 3300, Seattle, WA 98104-1610
**DWT.COM**

---

**From:** Marissa Benavides <Benavides@braunhagey.com>
**Sent:** Monday, March 10, 2025 10:24 AM
**To:** Valera, Nick <NickValera@dwt.com>; Adam Cashman <cashman@braunhagey.com>; Laura Shapiro <lshapiro@braunhagey.com>
**Cc:** Almeida, MaryAnn <MaryAnnAlmeida@dwt.com>; Olivia Smith <osmith@braunhagey.com>; Mehta, Shalika <ShalikaMehta@dwt.com>
**Subject:** RE: Greenberg et al. v. Amazon, Inc. - Amazon Subpoena to Instacart

**[EXTERNAL]**

Nick,

Unfortunately I now have another call at that time. I'm free Wednesday from 11am-12pm PT and Thursday from 9am-1pm PT.

Thanks,
Marissa

Marissa R. Benavides
**B R A U N HAGEY & BORDEN** LLP
Direct: (646) 876-5766

**From:** Valera, Nick <NickValera@dwt.com>
**Sent:** Monday, March 10, 2025 9:59 AM
**To:** Marissa Benavides <Benavides@braunhagey.com>; Adam Cashman <cashman@braunhagey.com>; Laura Shapiro <lshapiro@braunhagey.com>
**Cc:** Almeida, MaryAnn <MaryAnnAlmeida@dwt.com>; Olivia Smith <osmith@braunhagey.com>; Mehta, Shalika <ShalikaMehta@dwt.com>
**Subject:** RE: Greenberg et al. v. Amazon, Inc. - Amazon Subpoena to Instacart

**\*\*\* EXTERNAL MESSAGE \*\*\***

Marissa,

Are you still available at 1pm tomorrow for a call? Thanks.

Nick

**Nick Valera**    He/Him/His
**Associate,** Davis Wright Tremaine LLP

**P** 206.757.8323  **E** nickvalera@dwt.com
**A** 920 5th Avenue, Suite 3300, Seattle, WA 98104-1610
**DWT.COM**

**From:** Marissa Benavides <Benavides@braunhagey.com>
**Sent:** Thursday, March 6, 2025 10:45 AM
**To:** Valera, Nick <NickValera@dwt.com>; Adam Cashman <cashman@braunhagey.com>; Laura Shapiro <lshapiro@braunhagey.com>
**Cc:** Almeida, MaryAnn <MaryAnnAlmeida@dwt.com>; Olivia Smith

<osmith@braunhagey.com>; Mehta, Shalika <ShalikaMehta@dwt.com>
**Subject:** RE: Greenberg et al. v. Amazon, Inc. - Amazon Subpoena to Instacart

[EXTERNAL]

Nick,

We're available from 10am-12pm PT on Monday and 1-3pm PT on Tuesday. Let us know if either of those windows work.

Thanks,
Marissa

Marissa R. Benavides
**BRAUNHAGEY & BORDEN** LLP
Direct: (646) 876-5766

**From:** Valera, Nick <NickValera@dwt.com>
**Sent:** Thursday, March 6, 2025 12:18 PM
**To:** Marissa Benavides <Benavides@braunhagey.com>; Adam Cashman <cashman@braunhagey.com>; Laura Shapiro <lshapiro@braunhagey.com>
**Cc:** Almeida, MaryAnn <MaryAnnAlmeida@dwt.com>; Olivia Smith <osmith@braunhagey.com>; Mehta, Shalika <ShalikaMehta@dwt.com>
**Subject:** RE: Greenberg et al. v. Amazon, Inc. - Amazon Subpoena to Instacart

**\*\*\* EXTERNAL MESSAGE \*\*\***

Hi Marissa,

Following up on my email from Monday. Please let me know if you can talk tomorrow or early next week.

Nick

**Nick Valera**    He/Him/His
**Associate,** Davis Wright Tremaine LLP

**P** 206.757.8323  **E** nickvalera@dwt.com
**A** 920 5th Avenue, Suite 3300, Seattle, WA 98104-1610
**DWT.COM**

**From:** Valera, Nick
**Sent:** Monday, March 3, 2025 4:13 PM

**To:** 'Marissa Benavides' <Benavides@braunhagey.com>; Adam Cashman <cashman@braunhagey.com>; Laura Shapiro <lshapiro@braunhagey.com>
**Cc:** Almeida, MaryAnn <MaryannAlmeida@dwt.com>; Olivia Smith <osmith@braunhagey.com>; Mehta, Shalika <ShalikaMehta@dwt.com>
**Subject:** RE: Greenberg et al. v. Amazon, Inc. - Amazon Subpoena to Instacart

Hi Marissa,

It was a busy month, apologies for not getting back to you. Could we get something on the calendar for this week?

Thanks.

Nick

**Nick Valera**    He/Him/His
**Associate,** Davis Wright Tremaine LLP

**P** 206.757.8323  **E** nickvalera@dwt.com
**A** 920 5th Avenue, Suite 3300, Seattle, WA 98104-1610
**DWT.COM**

---

**From:** Marissa Benavides <Benavides@braunhagey.com>
**Sent:** Tuesday, January 28, 2025 2:32 PM
**To:** Valera, Nick <NickValera@dwt.com>; Adam Cashman <cashman@braunhagey.com>; Laura Shapiro <lshapiro@braunhagey.com>
**Cc:** Almeida, MaryAnn <MaryAnnAlmeida@dwt.com>; Olivia Smith <osmith@braunhagey.com>
**Subject:** RE: Greenberg et al. v. Amazon, Inc. - Amazon Subpoena to Instacart

**[EXTERNAL]**

Nick,

Thanks for your email. Unfortunately this week is tough in terms of scheduling. My calendar opens up considerably next Wednesday 2/5—do you have any availability that day between 9am-3pm PT?

Thanks,
Marissa

Marissa R. Benavides
**BRAUNHAGEY & BORDEN** LLP
Direct: (646) 876-5766

**From:** Valera, Nick <NickValera@dwt.com>
**Sent:** Monday, January 27, 2025 7:34 PM
**To:** Adam Cashman <cashman@braunhagey.com>; Marissa Benavides <Benavides@braunhagey.com>; Laura Shapiro <lshapiro@braunhagey.com>
**Cc:** Almeida, MaryAnn <MaryAnnAlmeida@dwt.com>; Olivia Smith <osmith@braunhagey.com>
**Subject:** Greenberg et al. v. Amazon, Inc. - Amazon Subpoena to Instacart

**\*\*\* EXTERNAL MESSAGE \*\*\***

Adam,

I am following up regarding Amazon's subpoena to Instacart in the matter *Greenberg et al. v. Amazon*, No. 21-cv-898. We have received Instacart's objections, thank you. Do you have time to meet and confer on this issue sometime this week (except for Friday)? Please let me know times that would work for you.

Best,
Nick

**Nick Valera**    He/Him/His
**Associate,** Davis Wright Tremaine LLP

**P** 206.757.8323  **E** nickvalera@dwt.com
**A** 920 5th Avenue, Suite 3300, Seattle, WA 98104-1610
**DWT.COM**

**From:** Olivia Smith <osmith@braunhagey.com>
**Sent:** Friday, January 17, 2025 9:09 PM
**To:** Goldmark, John <JohnGoldmark@dwt.com>
**Cc:** Adam Cashman <cashman@braunhagey.com>; Marissa Benavides <Benavides@braunhagey.com>; Laura Shapiro <lshapiro@braunhagey.com>
**Subject:** Greenberg et al. v. https://url.us.m.mimecastprotect.com/s/JFtLCpYzLNiJBz1EsPfvSG1Jh6?domain=amazon.com, Inc. | Case No. 2:21-cv-00898-RSL

**[EXTERNAL]**

Counsel:

Attached please find documents for service in the above-captioned matter. Hard copies

to follow in the mail.

Regards,
Olivia Smith
Litigation Legal Assistant
**B R A U N HAGEY & B O R D E N** LLP
Direct: (415) 491-7063

**San Francisco**

747 Front Street, 4th Floor
San Francisco, CA 94111
Tel: (415) 599-0210
Fax: (415) 276-1808

**New York**

118 W 22nd Street, 12th Floor
New York, NY 10011
Tel. & Fax: (646) 829-9403

This message is intended only for the confidential use of the intended recipient(s) and may contain protected information that is subject to attorney-client, work product, joint defense and/or other legal privileges.  If you are not the intended recipient, please contact me immediately at the phone number listed above and permanently delete the original message and any copies thereof from your email system.  Thank you.