# EXHIBIT 7

 **Davis Wright Tremaine** LLP

23rd Floor
50 California Street
San Francisco, CA  94111-4624

**Jake Freed**
415.276.6532 tel
415.276.6599 fax

jakefreed@dwt.com

April 2, 2026

**<u>VIA EMAIL</u>**
cashman@braunhagey.com
lshapiro@braunhagey.com
benavides@braunhagey.com

Adam Cashman
Laura J. Shapiro
BraunHagey & Borden LLP
747 Front St, 4th floor
San Francisco, CA 94111

Marissa Benavides
BraunHagey & Borden LLP
200 Madison Ave, 23rd floor
New York, NY 10016

Re:     *Greenberg et al. v. Amazon.com*, Case No. 2:21-cv-00898-RSL (W.D. Wash.)
        ("Lawsuit")

Dear Ms. Benavides:

Thank you for the update in your April 1, 2026 email. Amazon does not agree that its subpoena's requests are overly burdensome to Instacart under Rule 45. The Court in the Lawsuit has clearly held that information regarding the pricing of consumer goods and food items during the subpoena's time period is relevant and not overly burdensome for third parties to produce. Further, Amazon has modified its subpoena's requests to be consistent with the Court's narrowing orders and has been open to Instacart's proposals to comply with the subpoena. We address the points in your email, and others, as follows:

***First***, Amazon's subpoenas to other retailers do not relieve Instacart of its obligation to respond to Amazon's subpoena. In April 2021, Instacart represented that its online delivery service was available to over 85% of U.S. households. Instacart publicly stated that it made available to consumers products from more than 700 retailers during the subpoena's relevant time period. Instacart's representations indicate that it has relevant information regarding the availability and price of consumer goods and food items well beyond the scope of Amazon's 150 subpoenas. Importantly, Instacart possesses the final price of these consumer goods and food items sold to consumers on its platform, specifically, applicable taxes, local fees, and customer

Instacart
April 2, 2026
Page 2

fees. Instacart is different from many of the third-party retailers that Amazon subpoenaed in a way that makes Instacart uniquely relevant: Instacart and its online grocery platform, like Amazon and its online marketplace, allows third parties sell products for delivery to consumers.

*Second*, Amazon does not seek "all transaction data for every item purchased by every customer through the Instacart platform from January 31, 2020, and October 20, 2022." Amazon requests information to glean the price and availability of consumer goods and food items as set forth in the subpoena and our prior correspondence—again, information the Court has determined is relevant and "critical" to Amazon's defenses. *See* Nov. 11, 2025 Ltr. at 2–3. Amazon explained that its requests for this data be produced with certain limited categories to enable Amazon's use of it, including, product description, SKU, and price. Amazon has explicitly narrowed the subpoena's scope to be consistent with the Court's orders. We have also reiterated our willingness to work with Instacart to identify reasonable compromises, minimize burden, and ensure that any production remains as efficient as possible while still providing Amazon with the data required for its defense in this case.

Instacart, on the other hand, has not offered to produce anything—or even made a compromise proposal designed to satisfy its obligations under the subpoena. Its refusal to cooperate by hiding behind a blanket "burden" objection does not suggest good-faith participation in this process.

*Third*, Instacart's representations regarding its burden to produce the requested data are based on inaccurate assumptions. For example, Instacart has no burden to produce "all transaction data for every item purchased by every customer through the Instacart platform from January 31, 2020, and October 20, 2022." That is not what Amazon wants from Instacart—and any supposed burden premised on this baseline is overstated. It is also unclear why extraction of "platform wide item-level data" would take as long as Instacart represents, considering that your email implies that this dataset already exists, even if in multiple "blocks."

Additionally, Instacart's representation that "there is a further technical limitation in that Instacart does not maintain data fields that map exactly onto the 12 categories you identified in your demands" is a straw man. Amazon has not requested data fields to "map exactly" onto the categories of information identified in its subpoena and correspondence. Amazon has reiterated, and reiterates again, its willingness to work with Instacart to find a minimally burdensome way for it to get data from Instacart for the price and availability of consumer goods during the subpoena's relevant time period.

The supposedly severe burden—preventing Instacart from producing *anything*—is not credible. For one, Amazon understands that Instacart is adept at price analysis as indicated by its experiment with algorithmic pricing after acquiring the company Eversight—an "AI-powered pricing and promotions platform for CPG brands and retailers"—in late 2022. Instacart has publicly exalted its data capabilities, including that its "deeply integrated technology allows [it]

Instacart
April 2, 2026
Page 3


to aggregate detailed information from many sources—retailers, advertisers, shoppers, and other third parties—to create a comprehensive dataset that contains real-time information about item availability, size, weight, shelf and promotional pricing, nutritional content, high resolution imagery, and more."[1] These previous representations, along with Instacart's representations to Amazon confirming this data exists, suggest Instacart is able to manipulate a large amount of its data—including pricing data—in a thorough, accurate, and efficient manner. It cannot be the case that there is an undue burden for Instacart to produce price and availability data for products sold on its platform during the relevant time period. We reiterated our willingness to work with Instacart to mitigate any burdens associated with producing the requested data—based on an *accurate* formulation of Amazon's requests.

***

The parties have discussed Amazon's subpoena to Instacart for more than a year. Most recently, Amazon served its letter for the Tier 2 requests on November 12, 2025, and conferred with you on February 3 and February 24, 2026, but have made no progress towards Instacart's production. At this point, Instacart's representation that it is "willing" to confer must be corroborated by evidence of its good-faith effort to produce data on the price and availability of consumer goods and food items during the relevant period. Instacart must propose what data it will produce and a timeline for a production, or confirm that it refuses to comply with the subpoena. Absent a realistic and good-faith proposal from Instacart by April 16, 2026, Amazon will have no choice but to consider this matter at an impasse and seek Court intervention. We are available to meet and confer in the meantime.



Best,

Davis Wright Tremaine LLP

Jake Freed

cc:    Counsel for Amazon

---

[1] Maplebear, Inc. (d/b/a Instacart), Registration Statement (Form S-1), 187 (Aug. 25, 2023).