# EXHIBIT 9



23rd Floor
50 California Street
San Francisco, CA  94111-4624

**Jake Freed**
415.276.6532 tel
415.276.6599 fax

jakefreed@dwt.com

April 28, 2026

**VIA EMAIL**
cashman@braunhagey.com
lshapiro@braunhagey.com
benavides@braunhagey.com

Adam Cashman
Laura J. Shapiro
BraunHagey & Borden LLP
747 Front St, 4th floor
San Francisco, CA 94111

Marissa Benavides
BraunHagey & Borden LLP
200 Madison Ave, 23rd floor
New York, NY 10016

Re:     *Steinberg et al. v. Amazon.com*, Case No. 2:21-cv-00898-RSL (W.D. Wash.) ("Lawsuit")

Dear Ms. Benavides:

Thank you for your April 15, 2026 letter ("Letter"). We write to respond to the Letter and to inform Instacart that the parties will be at an impasse if Instacart fails to agree to produce data and documents in response to Amazon's Subpoena (the "Subpoena") by end of day on Friday, May 1, 2026.

Instacart's Letter concedes that the requested price-and-availability data is relevant. Additionally, Instacart never responded to Amazon's requests for it to confirm that it does not have documents relating to Instacart's price gouging policies and actions (Subpoena RFP Nos. 7, 15–17). This means the only issues here are (a) Instacart's contention that Amazon's requests for its price-and-availability data are unduly burdensome and (b) Instacart's failure to provide the status of its price gouging policies and actions.

Instacart's arguments in the Letter are insufficient to discharge its burden under the Subpoena. And although Amazon was prepared to work with Instacart to find the least-burdensome way to deliver the required data, the burden was on Instacart to offer proposed solutions based on its own knowledge of its technical abilities. Instacart refused to do so. For completeness of the record, we respond to the inaccuracies in Instacart's Letter as follows:

Instacart
April 28, 2026
Page 2

*First*, Instacart misstates the information Amazon seeks through its Subpoena. Amazon has repeatedly clarified that it seeks data sufficient to show the price and availability of consumer goods and food items sold on Instacart's platform from January 31, 2020 to October 20, 2022. As we explained, Amazon modified its requests in light of Court orders, and it ***does not request data of "every single user transaction."*** There is nothing else we can say to make this clearer.

*Second*, Amazon repeatedly offered Instacart the opportunity to propose reasonable means of providing the price-and-availability data sufficient to satisfy its obligations under the Subpoena—and Instacart refused. Although Amazon suggested transactional-level data as a possible method, ***it does not request data for every single purchase on Instacart during the relevant period***. If Instacart has some other form of data besides transaction data demonstrating the price and availability of consumer goods and food items, it never told Amazon.

*Third*, Instacart continues to muddle our attempts at resolution, including by re-injecting moot issues like the broader language originally stated in the Subpoena. Instacart misrepresents Amazon's explicit and ongoing efforts to narrow the Subpoena. Instacart states Amazon "repeatedly asserts that Amazon has narrowed its demands with regard to Instacart's data" and that Instacart has "no record of any such narrowed proposal." We invite Instacart to review and compare Amazon's December 18, 2024 Subpoena, the Court's orders on Amazon's subpoenas to third parties (including Dkts. 177, 178, 259), Amazon's November 11, 2025 letter to Instacart regarding its Tier 2 requests, and Amazon's more recent correspondence—including its April 2, 2026 letter—confirming that Amazon's data requests are limited to the price and availability of consumer goods and food items sold on Instacart's platform from January 31, 2020 to October 20, 2022.

*Fourth*, Instacart's statement that Amazon "never explained why Instacart should be required to reproduce retailer sales information that Amazon…obtained directly from retailers, whether they have been subpoenaed or not" is inaccurate. Amazon explained in its February 25, 2026 email correspondence, attached to Instacart's Letter, that Instacart possesses information the subpoenaed retailers would not have. In fact, Amazon asked Instacart to explain why Instacart believed that other retailers' productions to Amazon would provide it with the information it seeks from Instacart. Instacart never answered this question.

\*\*\*

Sixteen months have passed since Amazon first served the Subpoena on Instacart. Amazon has clarified its requests in correspondence and granted multiple extensions of time to Instacart to respond, including time for its counsel to attend to unrelated matters. In return, Instacart has failed to offer a single document or piece of data, let alone a proposal to provide data that are undisputedly relevant. Amazon is no longer willing to accept additional requests for extensions of time, nonanswers, or manufactured issues.

Instacart
April 28, 2026
Page 3

Please confirm by end of day Friday, May 1, 2026, whether Instacart will produce (1) data sufficient to show the price and availability of consumer goods and food items sold by third-parties on Instacart's platform between January 31, 2020 and October 20, 2022 (Subpoena RFP No. 13), and (2) documents relating to Instacart's price gouging policies and actions to the extent they exist (Subpoena RFP Nos. 7, 15–17).

If not, the parties will be at an impasse and Amazon will move to compel Instacart's production of these data and documents.

Sincerely,

Davis Wright Tremaine LLP

Jake Freed

cc:   Counsel for Amazon