# EXHIBIT 10

The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALVIN GREENBERG, MICHAEL STEINBERG, and CHRISTINA KING, on behalf of themselves and all others similarly situated,<br><br>            Plaintiffs,<br><br>      v.<br><br>AMAZON.COM, INC., a Delaware corporation,<br><br>            Defendant. | No. 2:21-cv-00898-RSL<br><br>**DEFENDANT AMAZON.COM, INC.'S OPPOSITION TO NON-PARTY ALDI INC.'S MOTION TO QUASH SUBPOENA**<br><br>NOTE ON MOTION CALENDAR: May 12, 2025<br><br>Oral Argument Requested |

DEFENDANT AMAZON'S OPPOSITION TO NON-PARTY ALDI'S
MOTION TO QUASH SUBPOENA (2:21-CV-00898-RSL)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

# TABLE OF CONTENTS

| | Page |
|---|---|
| TABLE OF AUTHORITIES ................................................................................ | ii |
| INTRODUCTION ........................................................................................ | 1 |
| BACKGROUND .......................................................................................... | 2 |
|     A.    Plaintiffs Accuse Amazon of Charging "Unfair" Prices on All Consumer Goods and Food Items During the Pandemic...................... | 2 |
|     B.    Amazon Has Worked to Avoid Undue Burden on Third Parties.................................................................................... | 3 |
|     C.    ALDI Sells Products Near the Plaintiffs, Including Products Similar to Those Plaintiffs Claim Were Unavailable. ................................ | 4 |
| ARGUMENT ............................................................................................... | 5 |
|     A.    The Tier 1 Requests Seek Relevant Information. ........................................ | 5 |
|     B.    The Tier 1 Requests Are Not Unduly Burdensome. ................................... | 8 |
|     C.    ALDI's Confidentiality Concerns Are Meritless. ....................................... | 10 |
|     D.    ALDI's Objections to the Tier 2 Requests Fail. ........................................ | 11 |

DEFENDANT AMAZON'S OPPOSITION TO NON-PARTY ALDI'S
MOTION TO QUASH SUBPOENA (2:21-CV-00898-RSL) - i

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alpert v. Nationstar Mortg. LLC*,
2019 WL 1200541 (W.D. Wash. Mar. 14, 2019) ......................................................... 6

*Anstead v. Virginia Mason Med. Ctr.*,
2023 WL 2541003 (W.D. Wash. Mar. 16, 2023) ......................................................... 5

*Blagman v. Apple Inc.*,
2014 WL 12607841 (C.D. Cal. Jan. 6, 2014) .................................................. 5, 8

*Cardinali v. Plusfour, Inc.*,
2018 WL 7502644 (D. Nev. Oct. 9, 2018) ................................................... 9

*Compaq Comput. Corp. v. Packard Bell Elecs., Inc.*,
163 F.R.D. 329 (N.D. Cal. 1995) .................................................. 10

*Greenberg v. Amazon.com, Inc.*,
3 Wash.3d 434 (2024) .................................................. 2, 5, 7

*Haysom v. Coleman Lantern Co.*,
89 Wn.2d 474 (1978) .................................................. 8

*In re Subpoena of DJO, LLC*,
295 F.R.D. 494 (S.D. Cal. 2014) .................................................. 10

*Jackass Mt. Ranch, Inc. v. S. Columbia Basin Irr. Dist.*,
175 Wash. App. 374 (2013) .................................................. 8

*Kremers v. Coca-Cola Co.*,
712 F. Supp. 2d 759 (S.D. Ill. 2010) .................................................. 6

*Lozano v. Does I-X*,
2022 WL 16744880 (W.D. Wash. Nov. 7, 2022) .................................................. 8

*McGee v. Diamond Foods, Inc.*,
2016 WL 816003 (S.D. Cal. Mar. 1, 2016) .................................................. 6

*Oppenheimer Fund, Inc. v. Sanders*,
437 U.S. 340 (1978) .................................................. 5

DEFENDANT AMAZON'S OPPOSITION TO NON-PARTY ALDI'S
MOTION TO QUASH SUBPOENA (2:21-CV-00898-RSL) - ii

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

*Phillips v. Double Down Interactive LLC*,
    173 F. Supp. 3d 731 (N.D. Ill. 2016) ............................................................................ 7

*Pride Truck Sales, L.P. v. JMR Grp., LLC*,
    2023 WL 11886122 (D. Or. Dec. 28, 2023) ................................................................ 10

*Sherman v. Kruse*,
    2024 WL 3460900 (W.D. Wash. July 18, 2024) .......................................................... 5

*Sihler v. Microsoft Corp.*,
    2024 WL 5186927 (W.D. Wash. Dec. 20, 2024) ........................................................ 8

*Simpson v. Cali. Pizza Kitchen, Inc.*,
    989 F. Supp. 2d 1015 (S.D. Cal. 2013) ....................................................................... 7

*Smith v. Legacy Partners Inc.*,
    2022 WL 1194125 (W.D. Wash. Apr. 21, 2022) .......................................................... 5

*Storz Mgmt. Co. v. Carey*,
    2019 WL 2615755 (E.D. Cal. June 26, 2019) ............................................................. 5

*United States v. King Cnty., Wash.*,
    2022 WL 16835866 (W.D. Wash. Nov. 9, 2022) ......................................................... 8

*Wilson v. Venture Fin. Grp., Inc.*,
    2010 WL 4512803 (W.D. Wash. Nov. 2, 2010) .......................................................... 9

**Rules and Statutes**

Fed. R. Civ. P. 45 ....................................................................................................... 5, 10

**Other Authorities**

*2025 ALDI Price Leadership Report*, ALDI.us,
https://dm.cms.aldi.cx/is/content/prod1amer/aldi-price-leadership-report-2025.pdf (last
visited May 6, 2025) ......................................................................................................... 9

ALDI Store Locator, https://stores.aldi.us/stores (last visited April 17, 2025) .................. 4

DEFENDANT AMAZON'S OPPOSITION TO NON-PARTY ALDI'S
MOTION TO QUASH SUBPOENA (2:21-CV-00898-RSL) - iii

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

## **INTRODUCTION**

ALDI's Motion to Quash the Subpoena (the "Motion") served by Amazon.com, Inc. ("Amazon") should be denied.  The Subpoena seeks highly relevant documents and imposes minimal burden at this stage.  ALDI's primary objection challenges requests for production that Amazon has agreed to pause.  ALDI's remaining arguments—that its products are not reasonable substitutes for the Plaintiffs' purchases, and that producing the requested information is overly burdensome—are not supported by case law or the record.

The Subpoena is tied closely to the claims in this case.  Plaintiffs allege that they purchased products on Amazon.com at allegedly "unfair prices" in March and April 2020.  They seek to represent a class of "[a]ll persons who purchased any consumer good or food item" on Amazon.com during the COVID-19 pandemic.  Plaintiffs have refused to narrow the scope of the case to any discernable category of goods, and seek discovery into *all* Amazon transactions since 2017.  Amazon moved to strike Plaintiffs' overbroad class definition and for a protective order to preclude discovery into billions of products outside of those identified in the Second Amended Complaint (the "SAC").  While those motions are pending, Amazon subpoenaed third-party retailers and grocers, including ALDI, to collect discovery necessary to defend against Plaintiffs' claims.

These subpoenas seek information about (1) the types of products that Plaintiffs purchased on Amazon.com, and (2) the products that Plaintiffs now claim this case is about: all "consumer goods" and "food items."  While Amazon has offered to hold the second category of requests (the "Tier 2 Requests") in abeyance until the Court resolves its motions, Amazon needs discovery responsive to the first category of requests (the "Tier 1 Requests") to defend Plaintiffs' individual claims, regardless of how its motions are resolved.  Fifty-one subpoena recipients have produced documents responsive to the Tier 1 Requests, but nearly all have objected to the scope of the Tier 2 Requests, which match the scope of Plaintiffs' overbroad class definition and discovery requests.

DEFENDANT AMAZON'S OPPOSITION TO NON-PARTY ALDI'S
MOTION TO QUASH SUBPOENA (2:21-CV-00898-RSL) - 1

In its Motion, ALDI argues that *both* categories of requests are overbroad and unduly burdensome.  As to the Tier 1 Requests, ALDI's Motion should be denied.  Plaintiffs claim that they had no meaningful choice but to make their purchases on Amazon.com at allegedly "unfair" prices.  To test those assertions, Amazon needs discovery into other businesses that sold these types of products during the pandemic.  ALDI is one of those businesses.  It sold the types of products that Plaintiffs contend were only available on Amazon.com *at stores near the Plaintiffs' homes*.  Evidence from ALDI is therefore central to Amazon's defenses.

As to the Tier 2 Requests, Amazon is not unsympathetic to ALDI's or other third parties' objections.  Amazon has worked to limit the burden on third parties by holding those requests in abeyance until the Court rules on the pending motions.  But unless narrowed, Plaintiffs' sweeping class definition would force Amazon to pursue this admittedly burdensome discovery into all "consumer goods" and "food items."  At the moment, however, ALDI's Motion as to these requests is not ripe.

## BACKGROUND

**A.**    **Plaintiffs Accuse Amazon of Charging "Unfair" Prices on All Consumer Goods and Food Items During the Pandemic.**

Plaintiffs claim that they paid "unfair" prices on Amazon.com for bleach, active dry yeast, flea and tick spray, ramen noodles, rice, vegetable glycerin, disinfecting wipes, and distilled water.  SAC ¶¶ 13-65 (the "Tier 1 Products").  They seek to represent a class of "[a]ll persons who purchased any consumer good or food item" on Amazon.com during the pandemic. *Id*. ¶ 130.  In addressing the questions this Court certified, the Washington Supreme Court held that under the "substantial injury" test, "price gouging, as alleged" by Plaintiffs, "may be an unfair act or practice within the meaning of [the] CPA."  *Greenberg v. Amazon.com, Inc.*, 3 Wash.3d 434, 459 (2024).  Under that test, Plaintiffs must show a substantial injury that is not "outweighed by any countervailing benefits to consumers or competition that the practice produces," and is one that the "consumers themselves could not reasonably have avoided."  *Id*. at

DEFENDANT AMAZON'S OPPOSITION TO NON-PARTY ALDI'S
MOTION TO QUASH SUBPOENA (2:21-CV-00898-RSL) - 2

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

456. Plaintiffs' class claims thus call for individualized inquiries into whether *billions* of transactions on Amazon.com were reasonably avoidable.

Nonetheless, Plaintiffs have refused to narrow the scope of this case to any discernable category of goods. Amazon has thus moved to strike Plaintiffs' overbroad class definition, Dkt. 73, and moved for a protective order to preclude discovery into billions of products (outside of those Plaintiffs purchased) that could qualify as a "consumer good" or "food item." Dkt. 78. The Protective Order Motion described the significant burden that the asserted scope of Plaintiffs' discovery would impose on Amazon and the countless third parties that also sold "consumer goods" and "food items," including ALDI. *Id.* at 11. These motions are pending.

In the interim, Amazon has engaged in extensive efforts to obtain discovery from third parties relevant to defending against Plaintiffs' claims. Amazon subpoenaed 146 third-party retailers and grocers that compete with Amazon at the local, regional, and national levels. These subpoenas seek pricing and availability data for the Tier 1 Products, third parties' cost data, pricing and inventory policies, and in-store health and safety protocols, among other things.

**B.     Amazon Has Worked to Avoid Undue Burden on Third Parties.**

Amazon divided each third-party subpoena to competitors into two tiers. The Tier 1 Requests seek discovery on the specific items Plaintiffs allegedly purchased at "unfair" prices on Amazon.com and comparable products. The Tier 2 Requests seek the same categories of discovery for all "consumer goods" and "food items," mirroring Plaintiffs' class definition and the scope of discovery Plaintiffs seek.

Third-party subpoena recipients have routinely objected to the Tier 2 Requests as overly broad and unduly burdensome. *See* Decl. of Matthew M. Yelovich in Support of Opp. ("Yelovich Decl."), Ex. 4. Amazon hopes to avoid imposing the burden of the Tier 2 Requests on *any* party. Therefore, Amazon has told subpoena recipients, including ALDI, that they may limit their responses to the Tier 1 Requests pending this Court's resolution of Amazon's motions. *See id.*, Ex. 1 at 1. But if Plaintiffs' class definition and discovery demands survive the motions,

DEFENDANT AMAZON'S OPPOSITION TO NON-PARTY ALDI'S
MOTION TO QUASH SUBPOENA (2:21-CV-00898-RSL) - 3

and they are allowed discovery into all products sold on Amazon.com, Amazon must pursue the equivalent Tier 2 Requests.

**C.    ALDI Sells Products Near the Plaintiffs, Including Products Similar to Those Plaintiffs Claim Were Unavailable.**

ALDI is one of the largest grocery store chains in the country.  *See* Hall Decl. ¶ 4.  Three of its stores are within fifteen miles of Plaintiff King's home address, and five are within fifteen miles of Julie Hoemke's home address.[1]  At these stores during the pandemic, ALDI sold multiple products that it concedes are "similar" to those that Plaintiffs purchased, such as bleach, disinfecting wipes, ramen, rice, and yeast.  *See* Mot. at 6-7.

For these reasons, Amazon served the Subpoena on ALDI on November 26, 2024, with a compliance date set for December 20, 2024.  Yelovich Decl. Exs. 1, 2.  Amazon agreed to extend ALDI's deadline to respond or object to the Subpoena to January 10, 2025.  *Id*. ¶ 3 When the parties first conferred on December 23, 2024, ALDI's counsel expressed concerns about the geographic and temporal scope of the Subpoena.  *Id*. ¶ 4.  In response, Amazon offered to narrow the Tier 1 Requests by prioritizing pricing, availability, and cost data from specific geographies.  *Id*.  Amazon also offered to allow ALDI to limit its production to the period of the pandemic (January 2020 to October 2022).  *Id*.

When the parties next conferred on January 9, 2025, ALDI said it would only comply with the Tier 1 Requests if Amazon forever waived the Tier 2 Requests.  *Id*. ¶ 5.  Amazon could not accept ALDI's proposal, given the need for that information in the future if Amazon's pending motions are denied.  *See id*.; *infra* at 10.  In response, ALDI said it would promptly move to quash the Subpoena.  Yelovich Decl. ¶ 5.  ALDI and Amazon discussed further but could not resolve the dispute.

---

[1] *See generally* ALDI Store Locator, https://stores.aldi.us/stores (last visited April 17, 2025).  Hoemke is the person for whom Plaintiff Greenberg purchased the bleach at issue.  SAC ¶¶ 17-19.

DEFENDANT AMAZON'S OPPOSITION TO NON-PARTY ALDI'S
MOTION TO QUASH SUBPOENA (2:21-CV-00898-RSL) - 4

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

## ARGUMENT

"The scope of third-party discovery is governed by [Rule] 26 and includes any nonprivileged matter that is relevant to a party's claim or defense and proportional to the needs of the case." *Sherman v. Kruse*, 2024 WL 3460900, at *2 (W.D. Wash. July 18, 2024) (cleaned up). Courts must quash a subpoena that "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv). "Whether a subpoena imposes an undue burden depends on the relevance of the information requested, and the burden imposed." *Anstead v. Virginia Mason Med. Ctr.*, 2023 WL 2541003, at *2 (W.D. Wash. Mar. 16, 2023) (cleaned up). "The burden of persuasion in a motion to quash a subpoena . . . is borne by the movant." *Storz Mgmt. Co. v. Carey*, 2019 WL 2615755, at *2 (E.D. Cal. June 26, 2019). Movants cannot "simply invoke generalized objections." *Blagman v. Apple Inc.*, 2014 WL 12607841, at *3 (C.D. Cal. Jan. 6, 2014). Rather, "they must show specifically how, despite the broad and liberal construction afforded the federal discovery rules, each request is not relevant or how each request is overly broad, burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden." *Id*. (cleaned up).

### A.    The Tier 1 Requests Seek Relevant Information.

Relevance is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Therefore, discovery is relevant "unless the information sought has no conceivable bearing on the case." *Smith v. Legacy Partners Inc.*, 2022 WL 1194125, at *4 (W.D. Wash. Apr. 21, 2022) (cleaned up). ALDI argues that the discovery Amazon seeks is irrelevant solely because ALDI does not sell the *precise* Tier 1 Products that Plaintiffs purchased. *See* Mot. at 4-7. But this argument fails.

The Tier 1 Requests are highly relevant to the reasonable avoidability analysis under the substantial injury test. "An injury is reasonably avoidable if consumers 'have reason to anticipate the impending harm and the means to avoid it.'" *Greenberg*, 3 Wn.3d at 461 (*quoting Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1168 (9th Cir. 2012)). Here, Plaintiffs allege

DEFENDANT AMAZON'S OPPOSITION TO NON-PARTY ALDI'S
MOTION TO QUASH SUBPOENA (2:21-CV-00898-RSL) - 5

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

that they had "no meaningful choice" but to purchase the Tier 1 Products on Amazon.com. *See*, *e.g.*, SAC ¶¶ 18-19 ("The only online retailer [Plaintiff Greenberg] could locate with any bleach in stock was Amazon . . . [U]nder the circumstances, he saw no meaningful choice but to purchase it from Amazon."); ¶ 47 ("[G]iven her inability to find rice at grocery outlets or online stores, and given the importance of safely obtaining food staples for her family, [Plaintiff] King did not believe she had a meaningful choice" but to purchase rice on Amazon.com).  Evidence that Plaintiffs could have bought comparable products by shopping at ALDI is relevant to testing these allegations.  Indeed, courts assessing reasonable avoidability often consider what options the plaintiffs had at their disposal.  *See*, *e.g.*, *McGee v. Diamond Foods, Inc.*, 2016 WL 816003, at *7 (S.D. Cal. Mar. 1, 2016), ("Plaintiff selected Defendant's popcorn at her discretion from a vast amount of other non-[artificial trans fat] popcorn products she could have selected," and her injury was thus reasonably avoidable.); *Kremers v. Coca-Cola Co.*, 712 F. Supp. 2d 759, 773 (S.D. Ill. 2010) ("[T]he injury caused by Coca-Cola's trade practices, if any, is one that McCann, and, for that matter, any other consumer of 'Classic' Coke quite easily could have avoided, by, for example, simply drinking a different soft drink or other beverage.").

ALDI concedes that it sold products that are "similar" to the products Plaintiffs purchased, including one branded product that is the same. Mot. at 6.[2]  It nevertheless argues its products are irrelevant because they are mostly private-label and have some different characteristics. *Id.* at 6-7.  But ALDI cites *no* authority endorsing its strained conception of "reasonable avoidability"—that only alternative products of the exact same brand and features are relevant.  Instead, courts look to a broad range of comparable products the plaintiff could have purchased. *See*, *e.g.*, *Alpert v. Nationstar Mortg. LLC*, 2019 WL 1200541, at *6-7 (W.D. Wash. Mar. 14, 2019) ("Here, the harm . . . was reasonably avoidable because Plaintiff could have avoided it by obtaining his own [insurance] policy.  Plaintiff was free, at any time, to

---

[2] ALDI claims that it is "unclear" whether the Tier 1 Requests seek discovery related to the specific brand-name products or category of products that Plaintiffs purchased. Mot. at 2 n.3.  But the Subpoena makes clear it is the latter, which Amazon has explained to ALDI.  Yelovich Decl. ¶ 4.

DEFENDANT AMAZON'S OPPOSITION TO NON-PARTY ALDI'S
MOTION TO QUASH SUBPOENA (2:21-CV-00898-RSL) - 6

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

choose his own insurance policy . . . thereby 'avoiding' the harm."); *Simpson v. Cali. Pizza Kitchen, Inc.*, 989 F. Supp. 2d 1015, 1026 (S.D. Cal. 2013) (finding harm from purchasing pizza with allegedly toxic ingredient was "reasonably avoidable" where there were "alternative pizza brands and 165 alternative pizza products that do not contain [the ingredient]"); *Phillips v. Double Down Interactive LLC*, 173 F. Supp. 3d 731, 743 (N.D. Ill. 2016) (Plaintiff "failed to show that she could not have reasonably avoided buying additional virtual chips" by "opting for alternative entertainment when she ran out of chips."). Accordingly, the availability of these "similar" products at ALDI is relevant to whether Plaintiffs could have reasonably avoided their alleged injuries by shopping elsewhere.[3]

The discovery is also relevant for other reasons that ALDI ignores. ***First***, "Amazon, and any business facing a claim like that presented here, has the opportunity to argue that the alleged acts were reasonable . . . in relation to the development and preservation of business." *Greenberg*, 3 Wash.3d at 483-84 (Kennan, J., concurring). As a large competitor, ALDI's prices during the pandemic and how it set those prices are relevant to showing that Amazon's pricing practices were "reasonable" and thus not "unfair."

***Second***, the Tier 1 discovery is relevant to the "countervailing benefits" prong of the substantial injury test. Evidence that ALDI was out of stock of the Tier 1 Products would be relevant to Amazon's potential defense that the benefit of ensuring product availability outweighed any harm that price increases caused. *See id*. at 483 (countervailing benefits prong is "especially important . . . where the COVID-19 pandemic resulted in unprecedented demand on internet retailers and led to product scarcity online with some retailers out of stock and experiencing shipping problems") (cleaned up). Similarly, any evidence of ALDI's rising costs would be relevant to whether cost increases globally were causing prices to rise. *See id*. at 484 (explaining cost increases are relevant).

---

[3]ALDI suggests that the Subpoena's request for documents related to ALDI's health and safety protocols during the pandemic is irrelevant. Mot. at 2-3. But these policies are relevant to the question of whether Plaintiffs could have safely shopped in person instead of online. *See, e.g.*, SAC ¶ 18 ("Dr. Greenberg did not, however, feel safe visiting retail outlets in and around his San Rafael home," as "COVID-19 was spreading at this time.").

DEFENDANT AMAZON'S OPPOSITION TO NON-PARTY ALDI'S
MOTION TO QUASH SUBPOENA (2:21-CV-00898-RSL) - 7

***Third***,  the discovery is relevant to Plaintiffs' negligence claims.  Plaintiffs allege that "a reasonable . . . retailer in Amazon's position would have had systems in place to prevent price gouging . . . and would have taken prompt, aggressive steps to stamp it out entirely."  SAC ¶ 160.  Even if Plaintiffs could demonstrate that Amazon owed them a duty in these circumstances (they cannot, *see* Dkt. 73 at 21-22), they would then need to show that Amazon did not meet that standard.  *See Jackass Mt. Ranch, Inc. v. S. Columbia Basin Irr. Dist.*, 175 Wash. App. 374, 395 (2013).  Courts measure the reasonableness of a practice against the conduct of peers and competitors.  *See, e.g., Haysom v. Coleman Lantern Co.*, 89 Wn.2d 474, 487 (1978).  The Tier 1 discovery seeks evidence that would demonstrate how the retail and grocery industries responded to the pandemic.  And as a direct competitor, ALDI's policies are relevant to how a reasonable business would act in similar circumstances.

### B.    The Tier 1 Requests Are Not Unduly Burdensome.

When a subpoena seeks relevant evidence, the subpoenaed party "has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections."  *Sihler v. Microsoft Corp.*, 2024 WL 5186927, at *2 (W.D. Wash. Dec. 20, 2024).  A subpoena recipient "bears the burden of establishing that it is unduly burdensome."  *Lozano v. Does I-X*, 2022 WL 16744880, at *4 (W.D. Wash. Nov. 7, 2022).  Courts must weigh the burdens imposed against the "materials' importance in the case," by considering whether the requests are "relevant and proportional to the needs of the case."  *United States v. King Cnty., Wash.*, 2022 WL 16835866, at *2 (W.D. Wash. Nov. 9, 2022).  "For a burdensomeness argument to be sufficiently specific to prevail, it must . . . show[] the exact nature of the burden."  *Blagman*, 2014 WL 12607841, at *3.

ALDI has essentially conceded that it can comply with the Tier 1 Requests, but has said it will only do so if Amazon waives its Tier 2 Requests.  *See* Yelovich Decl. ¶ 5.  But Amazon cannot predict how the Court will rule on its pending motions, and so it cannot agree to permanently forego this discovery from a major competitor.

DEFENDANT AMAZON'S OPPOSITION TO NON-PARTY ALDI'S
MOTION TO QUASH SUBPOENA (2:21-CV-00898-RSL) - 8

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

Nonetheless, ALDI has not substantiated any meaningful burden of the Tier 1 Requests, let alone an undue one. According to ALDI, complying with the Tier 1 Requests would be burdensome because it would require searching multiple information systems across thousands of stores for an eight-year period. *See* Mot. at 7-8. But ALDI ignores that Amazon offered to limit the temporal and geographic scope of the Tier 1 Requests. *Compare*, *e.g.*, Mot. at 9 (describing ALDI's need to search data from 2,500 stores) *with supra* at 4-5 (outlining Amazon's proposal that ALDI only produce data from specific geographic regions nearest the Plaintiffs).

ALDI does not specifically describe the expense or work-hours associated with compiling discovery on a limited number of Tier 1 Products. ALDI is no small player in the consumer retail space in the United States. It is one of the largest grocery store chains in the country, with nearly 2,500 stores across 39 states, Hall Decl. ¶ 4, and contributing around $14 billion to the U.S. economy in 2023.[4] It plainly has the resources to search for and produce a targeted set of documents and data concerning a small set of products.[5] For these reasons, ALDI's burden arguments as to Tier 1 fail. *See Cardinali v. Plusfour, Inc.*, 2018 WL 7502644, at *5 (D. Nev. Oct. 9, 2018) ("Conclusory or speculative statements of harm, inconvenience, or expense are plainly insufficient" to demonstrate undue burden.); *Wilson v. Venture Fin. Grp., Inc.*, 2010 WL 4512803, at *2 (W.D. Wash. Nov. 2, 2010) (denying motion to quash subpoena which required non-party to produce 20,000 pages of documents, which the court found to be "insignificant compared to other complex litigation cases involving millions of documents"). But even if ALDI could establish a burden, it would be outweighed by the importance of the issues and benefit of the discovery. As discussed above, these issues are central to Plaintiffs' claims and Amazon's defenses.

---

[4] *2025 ALDI Price Leadership Report*, ALDI.us, https://dm.cms.aldi.cx/is/content/prod1amer/aldi-price-leadership-report-2025pdf (last visited May 6, 2025).

[5] Indeed, Amazon has already received data from a number of significantly smaller competitors. *See* Yelovich Decl. ¶ 7.

DEFENDANT AMAZON'S OPPOSITION TO NON-PARTY ALDI'S
MOTION TO QUASH SUBPOENA (2:21-CV-00898-RSL) - 9

Davis Wright Tremaine LLP
Law Offices
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

## C.  ALDI's Confidentiality Concerns Are Meritless.

ALDI says that the "Court should not compel it to turn over [] information to a major competitor." Mot. at 11.[6]  But there is no "absolute privilege for confidential information." *Pride Truck Sales, L.P. v. JMR Grp., LLC*, 2023 WL 11886122, at *1 (D. Or. Dec. 28, 2023). For a subpoena recipient to avoid compliance under Rule 45(d)(3)(B)(i), the "[t]rade secret or commercially sensitive information must be important proprietary information and the party challenging the subpoena must make a strong showing that it has historically sought to maintain the confidentiality of this information." *In re Subpoena of DJO, LLC*, 295 F.R.D. 494, 497 (S.D. Cal. 2014) (cleaned up).  The court may still order the production of documents where the requesting party has demonstrated substantial need. *Id*.

Amazon has substantial need for the discovery, *see supra* at 5-8, and the Stipulated Protective Order addresses ALDI's confidentiality concerns. *See* Dkt. 42.  ALDI may designate "[e]xtremely sensitive materials" as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" where it "reasonably believes [the materials] contain highly sensitive business or personal information, the disclosure of which to another Party or Non-Party would create a risk of competitive or commercial disadvantage to the Designating Party." *Id.* § 3.2.  No Amazon personnel could review any materials ALDI designates Highly Confidential. *See id.* § 5.3. ALDI acknowledges that it "can invoke" the Protective Order, Mot. at 4 n.4, but does not explain why these provisions are insufficient to protect its interests.  Numerous third parties have already produced similar types of information using this designation. Yelovich Decl. ¶ 8, Ex. 3.  ALDI should do the same. *See Compaq Comput. Corp. v. Packard Bell Elecs., Inc.*, 163 F.R.D. 329, 339 (N.D. Cal. 1995) (non-party commercially-sensitive information sufficiently protected by existing protective order under which "employees and agents [of the requesting party], including in-house counsel, would [] be prohibited from accessing the[] documents").

---

[6] It is unclear whether ALDI is arguing that producing confidential information would impose an undue burden under Rule 45(d)(3)(A)(iv) or that it should not be required under Rule 45(d)(3)(B)(i).  Either argument fails.

DEFENDANT AMAZON'S OPPOSITION TO NON-PARTY ALDI'S
MOTION TO QUASH SUBPOENA (2:21-CV-00898-RSL) - 10

**D.    ALDI's Objections to the Tier 2 Requests Fail.**

ALDI also moves to quash the Tier 2 Requests related to all "consumer goods" and "food items."  Amazon agrees that conducting discovery on every one of the billions of transactions in "consumer goods" and "food items" on Amazon.com would be monstrously burdensome.  But this aspect of ALDI's Motion is not ripe because Amazon has agreed not to require compliance with the Tier 2 Requests until the Court rules on its pending motions.  ALDI's Motion as to the Tier 2 Requests should therefore be denied without prejudice.

To the extent the Court believes that Amazon is obligated now to defend the propriety of the Tier 2 Requests, ALDI's Motion should still be denied.  The Tier 2 Requests are unquestionably broad and burdensome.  But so too are Plaintiffs' claims and the discovery they seek from Amazon.  The question is not whether the Subpoena imposes any burden, but whether that burden is "*undue*."  If Amazon is required to defend each of the transactions on Amazon.com during the relevant period, it must be able to develop evidence regarding the competitive landscape and availability of those products in the marketplace.  Amazon does not have all of that information.  Obtaining it requires discovery.  And such discovery is most appropriately sought from major competitors like ALDI that are well equipped to efficiently provide the relevant information and to bear the cost of doing so.

According to ALDI, compliance with the Tier 2 Requests would require it to conduct "potentially store-by-store searches of over 32,000 individual SKUs for 8 years from ALDI's 2,500 locations across the U.S."  Mot. at 8.  ALDI estimates that "it would take many months, and significant expense, to retrieve the data" sought by the Tier 2 Requests.  *Id*. at 9.  Based on other non-parties' objections, Amazon expects that many retailers would face similar, if not more sizable, burdens if forced to comply with the Tier 2 Requests.  *See* Yelovich Decl. ¶ 9, Ex. 4.  Amazon hopes to not have to pursue the Tier 2 Requests from ALDI or any third party.  But it must preserve that option given the Court could sustain Plaintiffs' class definition or deny Amazon's Protective Order Motion.  In either scenario, Amazon anticipates that many more

DEFENDANT AMAZON'S OPPOSITION TO NON-PARTY ALDI'S
MOTION TO QUASH SUBPOENA (2:21-CV-00898-RSL) - 11

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

subpoena disputes will need to be litigated given the burden objections it has received to date. *See id.*

But limiting Plaintiffs' proposed class to a set of products with definable and rational boundaries could avert the immense burden on ALDI and other businesses. That is why Amazon sought a protective order related to the equivalent discovery Plaintiffs have demanded from Amazon and moved to strike Plaintiffs' boundless class definition. *See* Dkt. 78.

**REQUEST FOR RELIEF**

Amazon respectfully requests that the Court deny ALDI's Motion. At minimum, ALDI must produce:

1. Transactional data spanning January 2020 through October 2022 for the Tier 1 Products;

2. ALDI policies related to pricing or inventory management that were in effect from January 2020 through October 2022; and

3. Documents sufficient to show ALDI's in-store health and safety protocols from January 2020 through October 2022.

DATED this 6th day of May, 2025.

DAVIS WRIGHT TREMAINE LLP

*/s/ John A. Goldmark*
John A. Goldmark, WSBA #40980
MaryAnn T. Almeida, WSBA #49086
Nick Valera, WSBA # 54220
Caitlyn C. Courtney, WSBA #62344
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
Telephone: (206) 622-3150
Email: johngoldmark@dwt.com
Email: maryannalmeida@dwt.com
Email: nickvalera@dwt.com
Email: caitlyncourtney@dwt.com

John Freed, *admitted pro hac vice*
50 California Street, 23rd Floor
San Francisco, CA 94111
Telephone: (415) 276-6500
Email: jakefreed@dwt.com

DEFENDANT AMAZON'S OPPOSITION TO NON-PARTY ALDI'S
MOTION TO QUASH SUBPOENA (2:21-CV-00898-RSL) - 12

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

/s/ Jennifer Kennedy Park
Jennifer Kennedy Park, *admitted pro hac vice*
Matthew M. Yelovich, *admitted pro hac vice*
CLEARY GOTTLIEB STEEN & HAMILTON LLP
1841 Page Mill Road, Suite 250
Palo Alto, CA
Telephone:  (650) 815-4100
Email:  jkpark@cgsh.com
Email:  myelovich@cgsh.com

Ryan Shores, *admitted pro hac vice*
Nowell D. Bamberger, *admitted pro hac vice*
CLEARY GOTTLIEB STEEN & HAMILTON LLP
2112 Pennsylvania Avenue, NW
Washington, DC 20037
Telephone:  (202) 974-1500
Email:  rshores@cgsh.com
Email:  nbamberger@cgsh.com

Charity E. Lee, *admitted pro hac vice*
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone:  (212) 225-2000
Email:  charitylee@cgsh.com

*Attorneys for Defendant Amazon.com, Inc.*

*I certify that this memorandum contains 4,108 words, in compliance with the Local Civil Rules.*

DEFENDANT AMAZON'S OPPOSITION TO NON-PARTY ALDI'S
MOTION TO QUASH SUBPOENA (2:21-CV-00898-RSL) - 13