UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAPLEBEAR INC. D/B/A INSTACART,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM, INC.,<br><br>Defendant. | Case No.  26-mc-80136-TLT<br><br>**ORDER DENYING WITHOUT PREJUDICE MOTION TO QUASH SUBPOENA**<br><br>Re: Dkt. Nos. 1, 12 |

On May 1, 2026, Petitioner Maple Inc. d/b/a/ Instacart ("Instacart") filed a Motion to Quash a subpoena issued in connection with ongoing litigation in *Steinberg et al. v. Amazon.com, Inc.*, No. 2:21-cv-00898 RSL (W.D. Wash.) ("*Steinberg*"), overseen by Judge Robert S. Lasnik in the Western District of Washington.  ECF 1.  Respondent Amazon ("Amazon") filed a Cross-Motion to Compel Subpoena Compliance on May 29, 2026. ECF 12.

The Court has considered Instacart's Motion to Quash, Amazon's Motion to Compel, and the papers filed in support and in opposition of each motion.

Having considered the parties' arguments and legal authority, the Court hereby **DENIES WITHOUT PREJUDICE** both Instacart's Motion to Quash and Amazon's Motion to Compel as the motions were filed in the improper forum.

## I.     BACKGROUND

The plaintiffs in *Steinberg* raise claims for (1) violation of the Washington Consumer Protection Act, Wash. Rev. Code § 19.86, (2) negligence, and (3) unjust enrichment. *Steinberg,* ECF 1, ¶141–68.  The *Steinberg* plaintiffs allege that Amazon engaged in unlawful price-gouging during the COVID-19 pandemic.  *Id.* ¶ 1. Amazon issued subpoenas to Instacart and other third-parties requesting information relating to the price and availability of consumer goods and food

items during the Pandemic.  ECF 13 at 4.  In *Steinberg*, Judge Lasnik contextualized the relevance of third-party price and availability information as follows:

> One of the ways Amazon can defend itself against a price gouging claim is by showing that plaintiffs' injuries were reasonably avoidable, that is, that plaintiffs could have shopped elsewhere and purchased the desired items at better prices.

*Steinberg*, ECF 178 at 1.  Judge Lasnik set the *Steinberg* Plaintiffs' class certification motion deadline for September 8, 2026.  *Steinberg*, ECF 261.  Amazon's opposition to class certification is due on December 22, 2026.  *Id.*  In preparation for its opposition to the *Steinberg* Plaintiffs' forthcoming motion for class certification, Amazon seeks production of volumes of price and availability data for consumer goods and food items sold on third-party platforms, including Instacart, between January 2020 and October 2022.  ECF 13 at 4.  Amazon seeks to expedite resolution of the motions pending before this Court to allow sufficient time to prepare its defense in *Steinberg*.

## II.    LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 45, a party may serve a subpoena upon a non-party, commanding the non-party to "produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control." Fed. R. Civ. P. 45(a)(1)(A)(iii).  Federal Rule of Civil Procedure 45 also provides that a court must quash a subpoena that, among other things, "requires disclosure of privileged or other protected matter, if no exception or waiver applies," or "subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A)(iii), (iv).

## III.    DISCUSSION

Instacart argues that (1) Amazon's subpoena places an unreasonable burden on them because they would need to create a dataset that does not currently exist, and (2) Amazon has no substantial need for the information it seeks because it has already subpoenaed many other retailers to acquire the same type of pricing and item availability information that it seeks from Petitioner.  ECF 1 at 6–7.  Amazon argues that this Court should (1) transfer Instacart's motion to the Western District of Washington, (2) alternatively, deny Instacart's motion because Amazon

United States District Court
Northern District of California

2

has demonstrated a substantial need for relevant information to be produced in a manner that does not create an undue burden on Instacart, and (3) grant Amazon's cross-motion to compel for the same reasons. ECF 12 at 15.

### A.   This Court is not the Proper Court to Resolve the Parties' Motions

Fed. R. Civ. P. 45(d)(3)(A) provides that "the court for the district *where compliance is required* must quash or modify a subpoena" that violates certain provisions of Rule 45. "A number of district courts have held that a motion under Rule 45 is properly filed in the district . . . where compliance is required on the face of the subpoena, even if that place of compliance is not proper under Rule 45(c)." *Vervain, LLC v. Kingston Tech. Co., Inc.*, No. 24-mc-80322, 2025 WL 885599, at *2 (N.D. Cal. Mar. 21, 2025) (collecting cases).

The *Vervain* court properly characterized the rule articulate above as the "majority view" of courts that have considered the issue. *Id.* at *7. The Court finds the *Vervain* court's rationale convincing; that is, the text of and practical considerations surrounding Rule 45 make the proper court for resolution of subpoena-related motions under Rule 45 to be "the place of compliance stated on the subpoena," not the place where the subpoenaed party resides. *Id.* at *4. Accordingly, this Court adopts the majority rule.

Here, the subpoena lists the place of compliance as Seattle, Washington. ECF 1-3 at 2. Thus, on the face of the subpoena, compliance is required in the Western District of Washington. *Id.* That district, not the Northern District of California, is the district properly situated to resolve the pending motions. *Vervain,* 2025 WL 885599, at *2. Moreover, the underlying litigation in the *Steinberg* matter rests in the Western District of Washington, thus judicial efficiency is promoted by resolving this matter to the same district.

Accordingly, the Court finds that it lacks jurisdiction to resolve the parties' dispute.

//

//

United States District Court
Northern District of California

**IV.    CONCLUSION**

The Court has no authority to rule on the parties' cross motions.  The Court **DENIES** the parties' motions without prejudice so that the parties may take their dispute to the proper forum.

This order resolves ECF 1 and 12.

The Clerk of Court shall terminate this action.

IT IS SO ORDERED.

Dated: July 28, 2026

_____
TRINA L. THOMPSON
United States District Judge